# EXHIBIT A



July 28, 2022

Policy Number: 0625011-008
Claim Number: 22-3888698
Progressive Entity: Progressive Express Insurance Company

I certify that each of the following is true regarding the attached records, to the best of my knowledge and belief:

1. I am an employee familiar with the manner and process in which these records are created and maintained by virtue of my duties and responsibilities.

2. The records were made at or near the time of the occurrences of the matters set forth by, or from information transmitted by, people with knowledge of those matters.

3. The records were kept in the course of regularly conducted business activity; and

4. It was the regular practice of the business activity to make the record.

*Cosette Floyd*

Cosette Floyd

DocuSign Envelope ID: 1B034AF4-F2A9-436?-957F-982816D2E1C2

Policy Number: 062 90110-7
Named Insureds: Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
Page 1 of 2

# FLORIDA REJECTION OR SELECTION OF UNINSURED MOTORIST COVERAGE AND STACKED OR NON-STACKED LIMITS

### YOU ARE ELECTING NOT TO PURCHASE CERTAIN VALUABLE COVERAGE WHICH PROTECTS YOU AND YOUR FAMILY OR YOU ARE PURCHASING UNINSURED MOTORIST LIMITS LESS THAN YOUR BODILY INJURY LIABILITY LIMITS WHEN YOU SIGN THIS FORM. PLEASE READ CAREFULLY.

### Description of coverage

Uninsured Motorist Coverage provides for payment of certain benefits for damages caused by owners or operators of uninsured motor vehicles because of bodily injury or death resulting therefrom. Such benefits may include payments for certain medical expenses, lost wages, and pain and suffering, subject to limitations and conditions contained in the policy. For the purpose of this coverage, an uninsured motor vehicle may include a motor vehicle as to which the bodily injury limits are less than your damages.

Florida law requires that automobile liability policies include Uninsured Motorist Coverage limits equal to the Bodily Injury Liability limits in your policy up to $1,000,000 combined single limit unless you select a lower limit offered by the company, or reject Uninsured Motorist Coverage entirely. If you are interested in selecting Uninsured Motorist Coverage for a limit less than your Bodily Injury Liability limits, or are rejecting this coverage entirely, you must complete and sign the appropriate option below.

Please indicate whether you desire to entirely reject Uninsured Motorist Coverage, or whether you desire this coverage at limits equal to or lower than the Bodily Injury Liability limits of your policy:

☒ **I reject all Uninsured Motorist Coverage.**

☐ **I want Uninsured Motorist Coverage in the same limits as my Bodily Injury Liability Coverage or $1,000,000 combined single limit, whichever is less.**

☐ **I want Uninsured Motorist Coverage at the limit selected below.**

☐ $10,000 each person/$20,000 each accident

☐ $100,000 each accident

☐ $1,000,000 combined single limit

### Election Of Stacked or Non-Stacked Coverage

(Do not complete if you have rejected Uninsured Motorist Coverage)

The option to select stacked Uninsured Motorist Coverage applies to Class I insureds only. Class I insureds are natural persons, their spouses and family members. This section does not apply if you are other than a Class I insured, such as a corporation or partnership.

You have the option to purchase either "Stacked Uninsured Motorist", or "Non-stacked Uninsured Motorist". The cost of Non-stacked Uninsured Motorist Coverage is lower than the cost of Stacked Uninsured Motorist Coverage.



Continued

Policy Number: 062310110-7
Named Insureds: Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
Page 2 of 2

If you select "Stacked Uninsured Motorist" and you as an individual, your spouse or any family member is injured by an uninsured motorist, your policy limits for each motor vehicle listed on the policy may be added together to determine the total amount that may be recovered (stacked) for all covered injuries. Thus, the limits available to you would automatically change during the policy term if you increase or decrease the number of motor vehicles covered under the policy.

If you select "Non-stacked Uninsured Motorist" and you as an individual, your spouse or any family member is injured by an uninsured motorist, the injured person may not add or combine the coverage provided as to two or more motor vehicles together to determine the limits of uninsured motorist insurance coverage available, except as described in subsection one below. The injured person is limited to the coverage available as to that motor vehicle he or she was occupying if injured in an accident while occupying a vehicle listed on the policy. "Non-stacked Uninsured Motorist" is also subject to the following limitations:

1. If the injured person is occupying a motor vehicle not owned by the injured person or a family member who resides with him or her, the injured person may elect the coverage on the motor vehicle occupied and the highest limits of coverage afforded for any one vehicle insured by the injured person or any family member who resides with him or her. Such coverage shall be excess over Uninsured Motorist Coverage on the vehicle the injured person is occupying.
2. If an insured under the policy is occupying a motor vehicle or motorcycle owned by an insured under the policy, there is no coverage if Uninsured Motorist Coverage was not purchased on this policy for that motor vehicle or motorcycle.
3. If, at the time of the accident the injured person is not occupying a motor vehicle, he or she is entitled to select any one limit of Uninsured Motorist Coverage for any one vehicle afforded by a policy under which he or she is insured.

Uninsured Motorist Coverage will not apply under this policy if an insured under the policy: (1) elects to recover Uninsured Motorist benefits under another policy when injured as a pedestrian or while not occupying a motor vehicle; or (2) elects to recover excess Uninsured Motorist benefits under a policy other than this policy in addition to the Uninsured Motorist Coverage on the motor vehicle he or she is occupying when injured while occupying a motor vehicle that is not owned by any person insured under this policy.

**If you are a Corporation or Partnership, you are not eligible for Stacked Uninsured Motorist Coverage and your policy will be issued with Non-stacked Uninsured Motorist Coverage. Do not check either box below.**

If you are a natural person or a sole proprietorship, you must make your selection below. Your policy will be issued with "Stacked Uninsured Motorist" Coverage unless you select the "Non-stacked Uninsured Motorist" option.

☐   **I want stacked Uninsured Motorist Coverage.**

☐   **I want non-stacked Uninsured Motorist Coverage.**

I understand and agree that this selection of the option above applies to my liability insurance policy, and will also apply to any renewals or replacements of such policy that are issued with the same Bodily Injury Liability limits as this policy. If I decide to request a change to my selection, the change will not become effective until we receive your selection on this form and it has been completed and signed.

**Signature of First Named Insured or**
**Authorized Signatory of the Named Insured entity**                     Date              Title

X   *Amy E. Wagner*                         January 1, 2022        Head of North America Insurance

Form 8617 FL (11/12)

PROGRESSIVE
PO BOX 94739
CLEVELAND, OH 44101



**Policy Number: 06250110**
Underwritten by:
Progressive Express Insurance Company
Date of mailing: February 22, 2022
Policy Period: Mar 01, 2022 - Mar 01, 2023
Page 1 of 3

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Commercial Auto Insurance Coverage Summary

## This is your Declarations Page

Your coverage began on March 01, 2022 at 12:01 a.m. Pacific Time. This policy period ends on March 01, 2023 at 12:01 a.m. Pacific Time.

Premium payment information:

Initial premium due and payable at inception of policy period: ███████████████

Estimated total premium: ███████████████

The estimated total premium is subject to change based on the monthly reports you provide to us. A separate invoice will issue to you each month with the amount of premium due and payable.

Your insurance policy and any policy endorsements contain a full explanation of your coverage.  The policy contract is form Z901 FL (07/21). The contract is modified by A261TNC P23 FL (12/21), Z903TNC (05/17), Z904 (05/17), Z904PN (01/18), Z907 (05/17), 4757TNC P23 FL (12/21), and 8610TNC (05/17).

The named insured organization type is a Limited Liability Corporation.

## Outline of coverage

| Description | Limits | Deductible |
|---|---|---|
| Liability To Others | | |
|    Bodily Injury and Property Damage Liability | $1,000,000 combined single limit | |
| Comprehensive | Actual Cash Value | $2,500* |
| Collision | Actual Cash Value | $2,500* |

*$1,000 deductible will apply only if the insured auto was rented or leased from a vendor recognized and authorized by the named insured for specific TNC use.

| | | |
|---|---|---|
| Uninsured Motorist Non-Stacked | Rejected | |

| | | |
|---|---|---|
| Underinsured Motorist Non-Stacked | | Rejected |
| Medical Payments | | $5,000 each person |

## Additional Insured information

| 1. | Additional Insured | Uber Technologies, Inc. and its subsidiaries<br>1515 3rd Street<br>San Francisco, CA 94158 |
|---|---|---|
| 2. | Additional Insured | Hillsborough County Aviation Authority, members of the<br>Authority's governing body, and the Authority's officers,<br>volunteers and employees<br>Attn: Chief Executive Officer<br>Tampa International Airport<br>P.O. Box 22287<br>Tampa, FL 33622 |
| 3. | Additional Insured | Sarasota Manatee Airport Authority<br>6000 Airport Circle<br>Sarasota, FL 34243 |
| 4. | Additional Insured | Gainesville-Alachua County Regional Airport<br>Authority and City of Gainesville<br>3880 NE 39th Ave., Suite A<br>Gainesville, FL 32609 |
| 5. | Additional Insured | Sanford Airport Authority<br>1200 Red Cleveland Blvd.<br>Sanford, FL 32773 |
| 6. | Additional Insured | City of Orlando and Greater Orlando Aviation Authority<br>Annex Building<br>5855 Cargo Road<br>Orlando, FL 32827-4349 |
| 7. | Additional Insured | Monroe County BOCC<br>Insurance Compliance<br>PO Box 100085 - FX<br>Duluth, GA 30096 |
| 8. | Additional Insured | Jacksonville Aviation Authority<br>14201 Pecan Park Rd.<br>Jacksonville, FL 32218 |
| 9. | Additional Insured | Tallahassee International Airport and the<br>City of Tallahassee<br>City Hall<br>300 South Adams Street<br>Tallahassee, FL 32301 |
| 10. | Additional Insured - Primary and Non-Contributory | City of Pensacola Risk Management<br>PO Box 12910<br>Pensacola, FL 32521 |

Form 6489TNC FL (01/18)

| 11. | Additional Insured - Primary and Non-Contributory | Panama City - Bay County Airport and Industrial District<br>Northwest Florida Beaches International Airport<br>6300 West Bay Parkway, Box A<br>Panama City, FL 32401 |
| 12. | Additional Insured - Primary and Non-Contributory | Destin-Fort Walton Beach Airport<br>1701 FL-85<br>Eglin AFB, FL 32542 |
| 13. | Additional Insured - Primary and Non-Contributory | St. Pete-Clearwater International Airport and Pinellas<br>County Board of County Commissioners<br>14700 Terminal Blvd., Suite 221<br>Clearwater, FL 33762 |

## Waiver of Subrogation information

| 1. | Waiver of Subrogation | City of Pensacola Risk Management<br>PO Box 12910<br>Pensacola, FL 32521 |
| 2. | Wavier of Subrogation | Palm Beach County<br>c/o Steve Schlamp<br>Department of Airports<br>846 Palm Beach International Airport<br>West Palm Beach, FL 33406 |
| 3. | Wavier of Subrogation | Hillsborough County Aviation Authority,<br>members of the Authority's governing body,<br>and the Authority's officers, volunteers and<br>employees<br>Attn:  Chief Executive Officer<br>Tampa International Airport<br>PO Box 22287<br>Tampa, FL 33622 |
| 4. | Waiver of Subrogation | St. Pete-Clearwater International Airport and Pinellas<br>County Board of County Commissioners<br>14700 Terminal Blvd., Suite 221<br>Clearwater, FL 33762 |

## Agent signature

*Mark Pariet*

## Company officers

*Patricia M. Corwin*

Secretary

Policy Number: 06250110
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
Page 1 of 2

## Florida Transportation Network Company Policy Endorsement

**Your** policy is amended as follows:

1.  In PART II—DAMAGE TO AN AUTO, the heading "LIMIT OF LIABILITY" is deleted and replaced by the heading "LIMIT OF LIABILITY—COMPREHENSIVE AND COLLISION COVERAGES."

2.  In PART II—DAMAGE TO AN AUTO, immediately after the section now entitled by this endorsement "LIMIT OF LIABILITY—COMPREHENSIVE AND COLLISION COVERAGES" the following section entitled "LIMIT OF LIABILITY—FULL COMPREHENSIVE WINDOW GLASS COVERAGE" is added:

### LIMIT OF LIABILITY—FULL COMPREHENSIVE WINDOW GLASS COVERAGE

Unless **we**, the **TNC driver**, and the shop of choice of the **TNC driver** have all agreed otherwise, **our** limits of liability for windshield only damage are as follows:

1.  Windshield Replacements:
    The only categories of damage for which **we** will pay, and the most **we** will pay for a windshield replacement that **we** determine is covered under this policy, shall be the lesser of the amount charged by the shop of choice or as follows:

    a.  Windshield Glass:
        52% of the pricing for nonoriginal equipment manufacturer windshield glass as set forth in the National Auto Glass Specifications (NAGS) on the date the covered windshield replacement installation occurs.

        If original equipment manufacturer windshield glass is requested and approved by **us** prior to replacement, **we** will pay the original equipment manufacturer's list price.

    b.  Windshield Replacement Labor Rate:
        $40.00 per recommended hour as set forth in NAGS on the date the covered windshield replacement installation occurs.

    c.  High Modulus/Nonconductive Urethane:
        $20.00 per kit or $10.00 per half kit, with the number of kits determined by NAGS.

        Preapproval by **us** is required if the number of kits (either half or full) used is more than the number specified by NAGS.

    d.  All Other Urethanes:
        $15.00 per kit

    e.  Molding:
        100% of the manufacturer list pricing for molding on the date the covered windshield replacement installation occurs.

2.  Windshield Nonreplacement Repairs:

Policy Number: 06250110
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
Page 2 of 2

The only categories of damage for which **we** will pay and the most **we** will pay for windshield nonreplacement repairs that **we** determine are covered under this policy shall be the lesser of the amount charged by the shop of choice or $71.63 single payment per windshield regardless of the number of nonreplacement repair locations on the windshield.

3.  Windshield Calibrations:
    The only categories of calibration for which **we** will pay and the most **we** will pay for a windshield calibration in connection with a windshield replacement that **we** determine is covered under this policy shall be the lesser of the amount charged by the shop of choice or as follows:

    a.  Static Calibration—$310.00
    b.  Dynamic Calibration—$285.00
    c.  Dual Calibration—$500.00

Upon request by **us**, the **TNC driver** or the shop of choice must provide proof that the calibration was successfully completed.

Any calibration that is not static, dynamic, or dual, and any additional expense for which payment is sought must be approved by **us** before the calibration is completed.

At the **TNC driver's** request, **we** will identify a glass repair facility that will perform the replacement, nonreplacement repair, or calibration at the price shown on the schedule.

3.  In PART II—DAMAGE TO AN AUTO,  the section entitled "APPRAISAL" is deleted entirely and replaced by the following:

**APPRAISAL**
If **we** cannot agree with the person seeking coverage on the amount of a **loss**, then the person seeking coverage or **we** may demand an appraisal of the **loss**. Within 30 days of any demand for an appraisal, each party shall appoint a competent appraiser and shall notify the other party of that appraiser's identity. The appraisers will determine the amount of **loss**. If they fail to agree, the disagreement will be submitted to an impartial umpire chosen by the appraisers, who is both competent and a qualified expert in the subject matter. If the two appraisers are unable to agree upon an umpire within 15 days, either the person seeking coverage or **we** may request that a judge of a court of record, in the county where the person seeking coverage resides, select an umpire. The appraisers and umpire will determine the amount of **loss**. The amount of **loss** agreed to by both appraisers, or by one appraiser and the umpire, will be binding. The person seeking coverage must pay his or her appraiser's fees and expenses. **We** will pay **our** appraiser's fees and expenses. All other expenses of the appraisal, including payment of the umpire if one is selected, will be shared equally between **us** and the person seeking coverage. Neither **we** nor the person seeking coverage waive any rights under this policy by agreeing to an appraisal.

Form 4757TNC P23 FL (12/21)

## RIDESHARE MEDICAL PAYMENTS COVERAGE ENDORSEMENT

**We** agree with **you** that the insurance provided under **your** policy is modified as follows:

### INSURING AGREEMENT

Subject to the Limits of Liability, if **you** pay the premium for Medical Payments Coverage, **we** will pay benefits, in amounts subject to the Determination of Amount of Benefits section, for **reasonable and necessary** care, treatment, and services rendered within one year from the date of an **accident**, and for funeral services costs incurred, because of **bodily injury**:

1. sustained by an **insured**; and
2. caused by an **accident** occurring only during the period of time commencing when the **TNC driver** has logged and recorded acceptance in the **ride-share application** of a request to provide transportation services, and the **TNC driver** is either:
   a. En route to the pick-up location of the requested transportation services including, but not limited to, the picking-up of passenger(s); or
   b. Traveling to the final destination of the requested transportation services including, but not limited to, the dropping off of passenger(s).

### DETERMINATION OF AMOUNT OF BENEFITS

**We** will limit reimbursement to a maximum of, and pay an amount not to exceed, the following schedule of maximum charges:

1. for all care, services, and treatment reimbursable under Medicare Part A, 200 percent of the amount payable by Medicare utilizing the prospective payment schedule; and
2. for all care, services, and treatment reimbursable under Medicare Part B, 200 percent of the amount payable by Medicare under the participating physicians fee schedule of Medicare Part B, except as follows:
   a. for services, supplies, and care provided by ambulatory surgical centers and clinical laboratories, 200 percent of the amount payable by Medicare under Medicare Part B; and
   b. for durable medical equipment, 200 percent of the amount payable by Medicare under "The Durable Medical Equipment Prosthetics/Orthotics and Supplies" fee schedule of Medicare Part B.

The applicable fee schedule or payment limitation under Medicare is the participating fee schedule or payment limitation in effect on March 1 of the service year in which the services, supplies or care is rendered and for the area in which such services, supplies, or care is rendered. This applicable fee schedule or payment limitation applies to service, supplies, or care rendered during that service year, notwithstanding any subsequent change made to the fee schedule or payment limitation. For purposes of this paragraph, "service year" means the period from March 1 through the end of February of the following year.

In determining the appropriate reimbursement under the applicable Medicare fee schedule, all reasonable, medically necessary, and covered charges for services, supplies, and care submitted by physicians, non-physician practitioners, or any other provider will be subject to the Center for Medicare Services (CMS) and American Medical Association coding policies and payment methodologies, including applicable modifiers. The CMS policies include, but are not limited to: coding edits, both mutually exclusive and inclusive, payment limitations, and coding guidelines subject to the National Correct Coding Initiative (NCCI), Hospital Outpatient Prospective Payment

System (OPPS), Multiple Procedure Payment Reduction (MPPR), and Multiple Surgery Reduction Rules (MSRR).

**We** have the right to limit reimbursement in accordance with any negotiated medical provider agreement to which **we** have access. However, if an **insured** chooses not to use such a provider with whom **we** have a negotiated agreement, **we** will limit reimbursement to a maximum of, and pay an amount not to exceed, the schedule of maximum charges described within this section.

The following services, supplies, and care, whether provided by physicians, non-physician practitioners, or any other providers, are not covered under this policy:
1.  Services, supplies, and care not reimbursable by Medicare Part A or B;
2.  Services, supplies, and care that are not **reasonable and necessary**; and
3.  Services, supplies, and care that have previously been denied coverage by any other insurance as not **reasonable and necessary**, or not related to this **accident**.

**We** will reduce any payment to a medical provider by any amounts **we** deem to be unreasonable or unnecessary medical benefits. However, the medical benefits shall provide reimbursement only for such services, supplies, and care that are lawfully rendered, supervised, ordered, or prescribed.

**ADDITIONAL DEFINITIONS**

When used in this endorsement, whether in the singular, plural, or possessive:
1.  "**Insured**" means:
    a.  any **TNC driver** operating an **insured auto** during the above specified period of time who has entered into a contract with you to provide **covered TNC operations** via the **ride-share application** and whose contract was in force at the time of the subject **accident** or **loss**; and
    b.  any other person while **occupying** an **insured auto** during the above specified period of time. However, an operator of an **insured auto** who is using the **valid credentials** of any other person at the time of the subject **accident** or **loss** is not an "**insured**" for purposes of this Medical Payments Coverage.
2.  "**Reasonable and necessary**" means care, treatment, and services provided to the **insured** that comply with the most appropriate practice guidelines for the treatment, training, products, and services provided to an injured person. These guidelines may include generally accepted practice guidelines, evidence-based practice guidelines, or any other practice guidelines developed by the federal government or national or professional medical societies, boards, and associations that are associated with and required for the diagnosis or condition as determined by **us** that include, but are not limited to:

    a.  CMS and American Medical Association coding policies and payment methodologies, including applicable modifiers; and
    b.  American College of Occupational and Environmental Medicine Occupational Medicine Medical Disability Guidelines.

**<u>EXCLUSIONS</u> - READ THE FOLLOWING EXCLUSIONS CAREFULLY.  IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS ENDORSEMENT.**

Coverage under this endorsement does not apply to **bodily injury**:
1.  Sustained while **occupying** any **auto** while being used as a residence or premises;
2.  Occurring during the course of employment if workers' compensation coverage should apply;
3.  Arising out of an **accident** involving an **auto** while being used by a person while employed or engaged in the business of selling, leasing, repairing, parking, storing, servicing, or testing vehicles;
4.  Resulting from any pre-arranged or organized racing, speed or demolition contest, stunting activity, or in practice or preparation for any such contest or activity;

5. Due to a nuclear reaction or radiation;
6. For which insurance is afforded under a nuclear energy liability insurance contract;
7. For which the United States government is liable under the Federal Tort Claims Act;
8. That is intentionally inflicted on an **insured** at that person's request or self-inflicted;
9. Sustained while **occupying** any vehicle that has less than four wheels or is not designed for operation principally upon public roads; or
10. Sustained by the operator of the vehicle if the operator is not the **TNC driver** registered with **you**.


## LIMITS OF LIABILITY

Regardless of the number of premiums paid, or the number of **insured autos** insured by this policy, or the number of policies issued by **us**, or the number of claims or lawsuits arising out of an **accident**, or the number of **rideshare applications** being used by the driver at the time of the **accident** or **loss**, or the number of **prearranged services** the driver was engaged in at the time of the **accident** or **loss**, or the number of passenger programs within the same **rideshare application** the driver was using at the time of the **accident** or **loss**, **we** will pay no more than the Limit of Liability shown for Medical Payments Coverage on the **declarations page**.

Any amount payable to a **TNC driver** under this endorsement will be reduced by:
1. all sums paid or payable by or on behalf of any person or organization who is or may  be held legally liable for the **bodily injury** to the **insured**;
2. all sums paid or payable under Part I—Liability to Others coverage of this policy;
3. all sums paid or payable because of **bodily injury** under any of the following or similar laws:
    a. workers' compensation law; or
    b. disability benefits law; and
4. all sums paid, payable, or that should apply under any:
    a. occupational accident insurance; or
    b. driver injury protection insurance.

No one will be entitled to duplicate payments under this policy for the same elements of damages.


## OTHER INSURANCE

1. The Medical Payments Coverage provided by this policy applies as primary coverage, unless there is any other auto medical payments coverage, uninsured/underinsured motorist coverage, personal injury protection insurance,  or other similar vehicle insurance applicable to the **loss**.
2. Subject to the paragraph above, if there is any other auto medical payments coverage, uninsured/underinsured motorist coverage, personal injury protection insurance, or other similar vehicle insurance, regardless of whether such coverage or insurance applies on a primary or excess basis, then the Medical Payments Coverage provided by this policy shall apply as excess coverage. When this coverage applies on an excess basis to personal injury protection coverage, it shall provide coverage for unpaid personal injury protection statutory deductibles and copayments.
3. When the Medical Payments Coverage provided by this policy applies on an excess basis, and there is any other applicable auto medical payments coverage, uninsured/underinsured motorist coverage, personal injury protection insurance, or other similar vehicle insurance, regardless of whether such coverage or insurance applies on a primary or excess basis, the Limit of Liability for the Medical Payments Coverage provided by this policy shall be reduced by the sum of all limits of liability available from all such other valid and collectible insurance. However, this provision shall not operate to deny payment on an excess basis of unreimbursed deductibles and copayments applied on such other valid and collectible insurance.

**ADDITIONAL DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS**

For benefits to be payable under this endorsement:

1. An **insured**, or any assignee seeking payment, must submit to **us** all statements and bills for medical services rendered by a physician, hospital, clinic, or other person or institution on a properly completed CMS 1500 form, UB 92 form, or any other standard form approved by the office and adopted by the commission for purposes of this paragraph. All billings for such services rendered by providers must, to the extent applicable, comply with the CMS 1500 form instructions, the American Medical Association CPT Editorial Panel, and the Healthcare Common Procedure Coding System (HCPCS); and must follow the Physicians' Current Procedural Terminology (CPT), the HCPCS in effect for the year in which services are rendered, and the International Classification of Diseases (ICD) adopted by the United States Department of Health and Human Services in effect for the year in which services are rendered;

2. An **insured**, or any assignee seeking payment, must submit medical records documenting the care, treatment, and services provided;

3. All providers and assignees, other than hospitals, must include on the applicable claim form the professional license number of the provider in the line or space provided for "Signature of Physician or Supplier, Including Degrees or Credentials"; and

4. An **insured** must submit to medical examinations at **our** expense by doctors **we** select as often as **we** may reasonably require. If an **insured** unreasonably refuses to submit to or fails to appear at a medical examination required by **us**, **we** shall not be liable for further payments under this endorsement. A refusal to submit to or a failure to appear at two examinations raises a rebuttable presumption that the refusal or failure was unreasonable.

**ALL OTHER TERMS, LIMITS, AND PROVISIONS OF THE POLICY REMAIN UNCHANGED.**

PROGRESSIVE
PO BOX 94739
CLEVELAND, OH 44101



**Policy number:  06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 - Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Waiver of Subrogation Endorsement

This endorsement modifies insurance provided under the following:

Transportation Network Company Commercial Automobile Policy

We agree to waive any and all subrogation claims against the person or organization designated below except for losses that are due in whole or part to the negligence or errors and omissions of the designated person or organization.

**Name of Person or Organization:**

      City of Pensacola Risk Management
      PO Box 12910
      Pensacola, FL 32521

This endorsement applies to policy number: 06250110
Issued to: Rasier, LLC
      Rasier-CA, LLC
      Rasier-DC, LLC
      Rasier-PA, LLC
      Rasier-MT, LLC
      Hinter-NM, LLC

Effective date of Endorsement: March 01, 2022        Policy Expiration date: March 01, 2023

**All other terms, limits and provisions of this policy remain unchanged.**

Form 8610TNC (05/17)

PROGRESSIVE
PO BOX 94739
CLEVELAND, OH 44101



**Policy number:  06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 - Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Waiver of Subrogation Endorsement

This endorsement modifies insurance provided under the following:

Transportation Network Company Commercial Automobile Policy

We agree to waive any and all subrogation claims against the person or organization designated below except for losses that are due in whole or part to the negligence or errors and omissions of the designated person or organization.

**Name of Person or Organization:**

> Hillsborough County Aviation Authority, members of the Authority's
> governing body, and the Authority's officers, volunteers and employees
> Attn: Chief Executive Officer
> Tampa International Airport
> P.O. Box 22287
> Tampa, FL 33622

This endorsement applies to policy number: 06250110
Issued to: Rasier, LLC
> Rasier-CA, LLC
> Rasier-DC, LLC
> Rasier-PA, LLC
> Rasier-MT, LLC
> Hinter-NM, LLC

Effective date of Endorsement: March 01, 2022          Policy Expiration date: March 01, 2023

**All other terms, limits and provisions of this policy remain unchanged.**

Form 8610TNC (05/17)

PROGRESSIVE
PO BOX 94739
CLEVELAND, OH 44101



**Policy number:  06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 - Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Waiver of Subrogation Endorsement

This endorsement modifies insurance provided under the following:

Transportation Network Company Commercial Automobile Policy

We agree to waive any and all subrogation claims against the person or organization designated below except for losses that are due in whole or part to the negligence or errors and omissions of the designated person or organization.

**Name of Person or Organization:**
Palm Beach County
c/o Steve Schlamp
Department of Airports
846 Palm Beach International Airport
West Palm Beach, FL 33406

This endorsement applies to policy number: 06250110
Issued to: Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC

Effective date of Endorsement: March 01, 2022          Policy Expiration date: March 01, 2023

**All other terms, limits and provisions of this policy remain unchanged.**

Form 8610TNC (05/17)

PROGRESSIVE
PO BOX 94739
CLEVELAND, OH 44101



**Policy number:  06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 - Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Waiver of Subrogation Endorsement

This endorsement modifies insurance provided under the following:

Transportation Network Company Commercial Automobile Policy

We agree to waive any and all subrogation claims against the person or organization designated below except for losses that are due in whole or in part to the negligence or errors and omissions of the designated person or organization.

**Name of Person or Organization:**

St. Pete-Clearwater International Airport and
Pinellas County Board of County Commissioners
14700 Terminal Blvd., Suite 221
Clearwater, FL 33762

This endorsement applies to policy number: 06250110
Issued to: Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC

Effective date of Endorsement: March 01, 2022          Policy Expiration date: March 01, 2023

**All other terms, limits and provisions of this policy remain unchanged.**

Form 8610TNC (05/17)

PROGRESSIVE
PO BOX 94739
CLEVELAND, OH 44101



**Policy number: 06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 - Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Cancellation and Nonrenewal Notice to Third Parties

This endorsement modifies insurance provided by the Transportation Network Company Commercial Auto policy.

If **we** cancel or nonrenew this policy or if **we** reduce any coverage under this policy, **we** will send written notice to the following persons, entities or organizations:

> City of Pensacola Risk Management
> PO Box 12910
> Pensacola, FL 32521

The prior written notice of cancellation or nonrenewal will be mailed in accordance with the General Provisions of this policy.
The prior written notice of a coverage reduction will be mailed no less than thirty (30) days before the effective date of the coverage change.

**ALL OTHER TERMS, LIMITS, CONDITIONS AND PROVISIONS OF THIS POLICY REMAIN UNCHANGED.**

Form Z903TNC (05/17)

PROGRESSIVE
PO BOX 94739
CLEVELAND, OH 44101



**Policy number: 06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 - Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Cancellation and Nonrenewal Notice to Third Parties

This endorsement modifies insurance provided by the Transportation Network Company Commercial Auto policy.

If **we** cancel or nonrenew this policy or if **we** reduce any coverage under this policy, **we** will send written notice to the following persons, entities or organizations:

Gainesville-Alachua County Regional Airport Authority and
City of Gainesville
3880 NE 39th Ave., Suite A
Gainesville, FL 32609

The prior written notice of cancellation or nonrenewal will be mailed in accordance with the General Provisions of this policy.
The prior written notice of a coverage reduction will be mailed no less than thirty (30) days before the effective date of the coverage change.

**ALL OTHER TERMS, LIMITS, CONDITIONS AND PROVISIONS OF THIS POLICY REMAIN UNCHANGED.**

Form Z903TNC (05/17)

PROGRESSIVE
PO BOX 94739
CLEVELAND, OH 44101



**Policy number: 06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 - Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Cancellation and Nonrenewal Notice to Third Parties

This endorsement modifies insurance provided by the Transportation Network Company Commercial Auto policy.

If **we** cancel or nonrenew this policy or if **we** reduce any coverage under this policy, **we** will send written notice to the following persons, entities or organizations:

> Palm Beach County
> c/o Steve Schlamp
> Department of Airports
> 846 Palm Beach International Airport
> West Palm Beach, FL 33406

The prior written notice of cancellation or nonrenewal will be mailed in accordance with the General Provisions of this policy.
The prior written notice of a coverage reduction will be mailed no less than thirty (30) days before the effective date of the coverage change.

**ALL OTHER TERMS, LIMITS, CONDITIONS AND PROVISIONS OF THIS POLICY REMAIN UNCHANGED.**

Form Z903TNC (05/17)

PROGRESSIVE
PO BOX 94739
CLEVELAND, OH 44101



**Policy number: 06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 - Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Cancellation and Nonrenewal Notice to Third Parties

This endorsement modifies insurance provided by the Transportation Network Company Commercial Auto policy.

If **we** cancel or nonrenew this policy or if **we** reduce any coverage under this policy, **we** will send written notice to the following persons, entities or organizations:

Sanford Airport Authority
1200 Red Cleveland Blvd.
Sanford, FL 32773

The prior written notice of cancellation or nonrenewal will be mailed in accordance with the General Provisions of this policy.
The prior written notice of a coverage reduction will be mailed no less than thirty (30) days before the effective date of the coverage change.

**ALL OTHER TERMS, LIMITS, CONDITIONS AND PROVISIONS OF THIS POLICY REMAIN UNCHANGED.**

Form Z903TNC (05/17)

PROGRESSIVE
PO BOX 94739
CLEVELAND, OH 44101



**Policy number: 06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 - Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Cancellation and Nonrenewal Notice to Third Parties

This endorsement modifies insurance provided by the Transportation Network Company Commercial Auto policy.

If **we** cancel or nonrenew this policy or if **we** reduce any coverage under this policy, **we** will send written notice to the following persons, entities or organizations:

> Tallahassee International Airport and the
> City of Tallahassee
> City Hall
> 300 South Adams Street
> Tallahassee, FL 32301

The prior written notice of cancellation or nonrenewal will be mailed in accordance with the General Provisions of this policy.
The prior written notice of a coverage reduction will be mailed no less than thirty (30) days before the effective date of the coverage change.

**ALL OTHER TERMS, LIMITS, CONDITIONS AND PROVISIONS OF THIS POLICY REMAIN UNCHANGED.**



PROGRESSIVE
PO BOX 94739
CLEVELAND, OH  44101

**Policy number:  06250110**

Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 – Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Additional insured endorsement

### Name of Person or Organization

Uber Technologies, Inc. and its subsidiaries
1515 3rd Street
San Francisco, CA 94158

A person or organization named above is an additional insured with respect to such liability coverage as is afforded by the policy, but this insurance applies to said additional  insured only as a person or organization liable for the conduct of another insured and  then only to the extent of that liability.

Liability To Others
      Bodily Injury and Property Damage Liability           $1,000,000 combined single limit

**All other terms, limits and provisions of this policy remain unchanged.**

This endorsement applies to Policy Number: 06250110
Issued to (Name of Insured): Rasier, LLC
                Rasier-CA, LLC
                Rasier-DC, LLC
                Rasier-PA, LLC
                Rasier-MT, LLC
                Hinter-NM, LLC

Effective date of Endorsement: March 01, 2022        Policy Expiration date: March 01, 2023

Form Z904 (05/17)



PROGRESSIVE
PO BOX 94739
CLEVELAND, OH  44101

**Policy number:  06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 – Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Additional insured endorsement

**Name of Person or Organization**

Gainesville-Alachua County Regional Airport Authority and
City of Gainesville
3880 NE 39th Ave., Suite A
Gainesville, FL 32609

A person or organization named above is an additional insured with respect to such liability coverage as is afforded by the policy, but this insurance applies to said additional insured only as a person or organization liable for the conduct of another insured and then only to the extent of that liability.

Liability To Others
    Bodily Injury and Property Damage Liability                 $1,000,000 combined single limit

**All other terms, limits and provisions of this policy remain unchanged.**

This endorsement applies to Policy Number: 06250110
Issued to (Name of Insured): Rasier, LLC
                        Rasier-CA, LLC
                        Rasier-DC, LLC
                        Rasier-PA, LLC
                        Rasier-MT, LLC
                        Hinter-NM, LLC

Effective date of Endorsement: March 01, 2022              Policy Expiration date: March 01, 2023

Form Z904 (05/17)



PROGRESSIVE
PO BOX 94739
CLEVELAND, OH  44101

**Policy number:  06250110**

Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 – Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Additional insured endorsement

### Name of Person or Organization

Hillsborough County Aviation Authority, members of the Authority's
governing body, and the Authority's officers, volunteers and employees
Attn: Chief Executive Officer
Tampa International Airport
P.O. Box 22287
Tampa, FL 33622

A person or organization named above is an additional insured with respect to such liability coverage as is afforded by the policy, but this insurance applies to said additional  insured only as a person or organization liable for the conduct of another insured and  then only to the extent of that liability.

Liability To Others
     Bodily Injury and Property Damage Liability          $1,000,000 combined single limit

**All other terms, limits and provisions of this policy remain unchanged.**

This endorsement applies to Policy Number: 06250110
Issued to (Name of Insured): Rasier, LLC
          Rasier-CA, LLC
          Rasier-DC, LLC
          Rasier-PA, LLC
          Rasier-MT, LLC
          Hinter-NM, LLC

Effective date of Endorsement: March 01, 2022          Policy Expiration date: March 01, 2023

Form Z904 (05/17)



PROGRESSIVE
PO BOX 94739
CLEVELAND, OH  44101

**Policy number:  06250110**

Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 – Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Additional insured endorsement

### Name of Person or Organization

Jacksonville Aviation Authority
14201 Pecan Park Rd.
Jacksonville, FL 32218

A person or organization named above is an additional insured with respect to such liability coverage as is afforded by the policy, but this insurance applies to said additional  insured only as a person or organization liable for the conduct of another insured and  then only to the extent of that liability.

Liability To Others
    Bodily Injury and Property Damage Liability                    $1,000,000 combined single limit

**All other terms, limits and provisions of this policy remain unchanged.**

This endorsement applies to Policy Number: 06250110
Issued to (Name of Insured): Rasier, LLC
                                        Rasier-CA, LLC
                                        Rasier-DC, LLC
                                        Rasier-PA, LLC
                                        Rasier-MT, LLC
                                        Hinter-NM, LLC

Effective date of Endorsement: March 01, 2022          Policy Expiration date: March 01, 2023



PROGRESSIVE
PO BOX 94739
CLEVELAND, OH  44101

**Policy number:  06250110**

Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 – Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Additional insured endorsement

### Name of Person or Organization

Monroe County BOCC
Insurance Compliance
PO Box 100085 - FX
Duluth, GA 30096

A person or organization named above is an additional insured with respect to such liability coverage as is afforded by the policy, but this insurance applies to said additional  insured only as a person or organization liable for the conduct of another insured and  then only to the extent of that liability.

Liability To Others
Bodily Injury and Property Damage Liability $1,000,000 combined single limit

**All other terms, limits and provisions of this policy remain unchanged.**

This endorsement applies to Policy Number: 06250110
Issued to (Name of Insured): Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC

Effective date of Endorsement: March 01, 2022 Policy Expiration date: March 01, 2023

Form Z904 (05/17)



PROGRESSIVE
PO BOX 94739
CLEVELAND, OH  44101

**Policy number:  06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 — Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Additional insured endorsement

### Name of Person or Organization

City of Orlando and Greater Orlando Aviation Authority
Annex Building
5855 Cargo Road
Orlando, FL 32827-4349

A person or organization named above is an additional insured with respect to such liability coverage as is afforded by the policy, but this insurance applies to said additional  insured only as a person or organization liable for the conduct of another insured and  then only to the extent of that liability.

Liability To Others
Bodily Injury and Property Damage Liability                 $1,000,000 combined single limit

**All other terms, limits and provisions of this policy remain unchanged.**

This endorsement applies to Policy Number: 06250110
Issued to (Name of Insured): Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC

Effective date of Endorsement: March 01, 2022                 Policy Expiration date: March 01, 2023

Form Z904 (05/17)



PROGRESSIVE
PO BOX 94739
CLEVELAND, OH  44101

**Policy number:  06250110**

Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 – Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Additional insured endorsement

### Name of Person or Organization

Sanford Airport Authority
1200 Red Cleveland Blvd.
Sanford, FL 32773

A person or organization named above is an additional insured with respect to such liability coverage as is afforded by the policy, but this insurance applies to said additional  insured only as a person or organization liable for the conduct of another insured and  then only to the extent of that liability.

Liability To Others
    Bodily Injury and Property Damage Liability        $1,000,000 combined single limit

**All other terms, limits and provisions of this policy remain unchanged.**

This endorsement applies to Policy Number: 06250110
Issued to (Name of Insured): Rasier, LLC
        Rasier-CA, LLC
        Rasier-DC, LLC
        Rasier-PA, LLC
        Rasier-MT, LLC
        Hinter-NM, LLC

Effective date of Endorsement: March 01, 2022        Policy Expiration date: March 01, 2023

Form Z904 (05/17)



PROGRESSIVE
PO BOX 94739
CLEVELAND, OH  44101

**Policy number:  06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 – Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA  94158

# Additional insured endorsement

### Name of Person or Organization

Sarasota Manatee Airport Authority
6000 Airport Circle
Sarasota, FL 34243

A person or organization named above is an additional insured with respect to such liability coverage as is afforded by the policy, but this insurance applies to said additional  insured only as a person or organization liable for the conduct of another insured and  then only to the extent of that liability.

Liability To Others
    Bodily Injury and Property Damage Liability         $1,000,000 combined single limit

**All other terms, limits and provisions of this policy remain unchanged.**

This endorsement applies to Policy Number: 06250110
Issued to (Name of Insured): Rasier, LLC
                   Rasier-CA, LLC
                   Rasier-DC, LLC
                   Rasier-PA, LLC
                   Rasier-MT, LLC
                   Hinter-NM, LLC

Effective date of Endorsement: March 01, 2022        Policy Expiration date: March 01, 2023

Form Z904 (05/17)



PROGRESSIVE
PO BOX 94739
CLEVELAND, OH  44101

**Policy number:  06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 – Mar 01, 2023
Page 1 of 1

Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

# Additional insured endorsement

## Name of Person or Organization

Tallahassee International Airport and the
City of Tallahassee
City Hall
300 South Adams Street
Tallahassee, FL 32301

A person or organization named above is an additional insured with respect to such liability coverage as is afforded by the policy, but this insurance applies to said additional  insured only as a person or organization liable for the conduct of another insured and  then only to the extent of that liability.

Liability To Others
　　　　Bodily Injury and Property Damage Liability　　　　　　$1,000,000 combined single limit

**All other terms, limits and provisions of this policy remain unchanged.**

This endorsement applies to Policy Number: 06250110
Issued to (Name of Insured): Rasier, LLC
　　　　　　　　　　　　Rasier-CA, LLC
　　　　　　　　　　　　Rasier-DC, LLC
　　　　　　　　　　　　Rasier-PA, LLC
　　　　　　　　　　　　Rasier-MT, LLC
　　　　　　　　　　　　Hinter-NM, LLC

Effective date of Endorsement: March 01, 2022　　　　　Policy Expiration date: March 01, 2023

Form Z904 (05/17)

PROGRESSIVE
PO BOX 94739
CLEVELAND, OH  44101



Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

**Policy number:  06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 - Mar 01, 2023
Page 1 of 1

# Additional insured primary and noncontributory endorsement

Name of person(s) or organization(s)

City of Pensacola Risk Management

A person or organization named above is an additional insured with respect to such liability coverage as is afforded by the policy, but this insurance applies to said additional insured only as a person or organization liable for the conduct of another insured and then only to the extent of that liability or the Limit of Liability shown on this endorsement, whichever is less.

Liability To Others:
      Bodily Injury and Property Damage Liability           $ 1,000,000 combined single limit

This insurance is primary to and will not seek contribution from any other insurance available to the additional insured(s) shown above provided that:
    1. The additional insured is a Named Insured under such other insurance; and
    2. The additional insured has agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

**All other terms, limits and provisions of this policy remain unchanged.**

      This endorsement applies to Policy Number: 06250110
      Issued to (Name of Insured): Rasier, LLC
                     Rasier-CA, LLC
                     Rasier-DC, LLC
                     Rasier-PA, LLC
                     Rasier-MT, LLC
                     Hinter-NM, LLC

      Effective date of Endorsement: March 01, 2022        Policy Expiration date: March 01, 2023

PROGRESSIVE
PO BOX 94739
CLEVELAND, OH  44101



Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

**Policy number:  06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 - Mar 01, 2023
Page 1 of 1

# Additional insured primary and noncontributory endorsement

Name of person(s) or organization(s)

Destin-Fort Walton Beach Airport

A person or organization named above is an additional insured with respect to such liability coverage as is afforded by the policy, but this insurance applies to said additional insured only as a person or organization liable for the conduct of another insured and then only to the extent of that liability or the Limit of Liability shown on this endorsement, whichever is less.

Liability To Others:
     Bodily Injury and Property Damage Liability          $ 1,000,000 combined single limit

This insurance is primary to and will not seek contribution from any other insurance available to the additional insured(s) shown above provided that:
1. The additional insured is a Named Insured under such other insurance; and
2. The additional insured has agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

**All other terms, limits and provisions of this policy remain unchanged.**

     This endorsement applies to Policy Number: 06250110
     Issued to (Name of Insured): Rasier, LLC
                              Rasier-CA, LLC
                              Rasier-DC, LLC
                              Rasier-PA, LLC
                              Rasier-MT, LLC
                              Hinter-NM, LLC

     Effective date of Endorsement: March 01, 2022             Policy Expiration date: March 01, 2023

PROGRESSIVE
PO BOX 94739
CLEVELAND, OH  44101



Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

**Policy number:  06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 - Mar 01, 2023
Page 1 of 1

# Additional insured primary and noncontributory endorsement

Name of person(s) or organization(s)

Panama City - Bay County Airport and Industrial District
Northwest Florida Beaches International Airport

A person or organization named above is an additional insured with respect to such liability coverage as is afforded by the policy, but this insurance applies to said additional insured only as a person or organization liable for the conduct of another insured and then only to the extent of that liability or the Limit of Liability shown on this endorsement, whichever is less.

Liability To Others:
　　　Bodily Injury and Property Damage Liability　　　$ 1,000,000 combined single limit

This insurance is primary to and will not seek contribution from any other insurance available to the additional insured(s) shown above provided that:
　　　1. The additional insured is a Named Insured under such other insurance; and
　　　2. The additional insured has agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

**All other terms, limits and provisions of this policy remain unchanged.**

　　　This endorsement applies to Policy Number: 06250110
　　　Issued to (Name of Insured): Rasier, LLC
　　　　　　　　　　　Rasier-CA, LLC
　　　　　　　　　　　Rasier-DC, LLC
　　　　　　　　　　　Rasier-PA, LLC
　　　　　　　　　　　Rasier-MT, LLC
　　　　　　　　　　　Hinter-NM, LLC

　　　Effective date of Endorsement: March 01, 2022　　　　　Policy Expiration date: March 01, 2023

Form Z904PN (01/18)

PROGRESSIVE
PO BOX 94739
CLEVELAND, OH 44101



Named insured
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

**Policy number: 06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 - Mar 01, 2023
Page 1 of 1

# Additional insured primary and noncontributory endorsement

Name of person(s) or organization(s)

St. Pete-Clearwater International Airport and
Pinellas County Board of County Commissioners

A person or organization named above is an additional insured with respect to such liability coverage as is afforded by the policy, but this insurance applies to said additional insured only as a person or organization liable for the conduct of another insured and then only to the extent of that liability or the Limit of Liability shown on this endorsement, whichever is less.

Liability To Others:
Bodily Injury and Property Damage Liability          $ 1,000,000 combined single limit

This insurance is primary to and will not seek contribution from any other insurance available to the additional insured(s) shown above provided that:
1. The additional insured is a Named Insured under such other insurance; and
2. The additional insured has agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

**All other terms, limits and provisions of this policy remain unchanged.**

This endorsement applies to Policy Number: 06250110
Issued to (Name of Insured): Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC

Effective date of Endorsement: March 01, 2022          Policy Expiration date: March 01, 2023

Form Z904PN (01/18)

PROGRESSIVE
PO BOX 94739
CLEVELAND, OH  44101



Named insured:
Rasier, LLC
Rasier-CA, LLC
Rasier-DC, LLC
Rasier-PA, LLC
Rasier-MT, LLC
Hinter-NM, LLC
1515 3rd Street
San Francisco, CA 94158

**Policy number:  06250110**
Underwritten by:
Progressive Express Insurance Company
March 01, 2022
Policy Period: Mar 01, 2022 – Mar 01, 2023
Page 1 of 1

# Additional insured endorsement Government Entities

Name of additional insured entity(ies):

Any state, county, city, or other local governmental entity or regulatory organization, and their respective employees, where required by agreement, law, ordinance or contract with a named insured.

A person or organization named above is an additional insured with respect to such liability coverage as is afforded by the policy, but this insurance applies to said additional insured only as a government entity liable for the conduct of another insured and then only to the extent of that liability.

Liability To Others
      Bodily Injury and Property Damage Liability      $ 1,000,000 combined single limit

**All other terms, limits and provisions of this policy remain unchanged.**

This endorsement applies to policy number: 06250110
Issued to (Name of Insured): Rasier, LLC
      Rasier-CA, LLC
      Rasier-DC, LLC
      Rasier-PA, LLC
      Rasier-MT, LLC
      Hinter-NM, LLC

Effective date of Endorsement: March 01, 2022      Policy Expiration date: March 01, 2023

Form Z907 (05/17)

Z901 FL 0721

# FLORIDA
## TRANSPORTATION NETWORK COMPANY
## COMMERCIAL AUTO POLICY

**Underwritten by Progressive Express Insurance Company**

**PLEASE READ YOUR POLICY AGREEMENT CAREFULLY.**
**Provisions of this Agreement and its endorsements restrict coverage. Be certain you understand all of the coverage terms, the exclusions, and your rights and duties.**

**This booklet contains Form Z901 FL (07/21).**



**FLORIDA**
**TRANSPORTATION NETWORK COMPANY**
**COMMERCIAL AUTO POLICY**

## INDEX OF POLICY PROVISIONS

**PAGE**

**DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

**GENERAL DEFINITIONS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

**PART I—LIABILITY TO OTHERS**
Insuring Agreement—Liability To Others . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5
Additional Definition Used in This Part Only . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5
Additional Payments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5
Out-Of-State Coverage Extension . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6
Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
Limit of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10
Other Insurance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

**PART II—DAMAGE TO AN AUTO**
Insuring Agreement—Collision Coverage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11
Insuring Agreement—Comprehensive Coverage. . . . . . . . . . . . . . . . . . . . . . . . . . . .11
Insuring Agreement—Full Comprehensive Window Glass Coverage. . . . . . . . . . . .12
Additional Coverage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12
Additional Payments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13
Additional Definition Used in This Part Only . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13
Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13
Limit of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14
Deductible . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15
Salvage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15
No Benefit to Bailee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15
Appraisal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15
Payment of Loss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16
Lienholder Agreement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16
Other Insurance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

**PART III—UNINSURED MOTORIST**
Insuring Agreement—Uninsured Motorist
Bodily Injury Coverage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17
Additional Definitions Used in This Part Only . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18
Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19
Limit of Liability—Non-Stacked . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19
Other Insurance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

**GENERAL PROVISIONS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21

If **you** pay **your** premium when due, **we** will provide the insurance described in this policy.

## DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS

For coverage to apply under this policy, **you** or the person seeking coverage must promptly report each **accident** or **loss** even if **you** or the person seeking coverage is not at fault.

**You** or any person seeking coverage must also obtain and provide **us** the names and addresses of all persons involved in the **accident** or **loss**, including all passengers, the names and addresses of any witnesses, and the license plate numbers of the vehicles involved, if known and available to **you** or the person seeking coverage.

After an **accident** or **loss**, **you** must promptly provide **us** with the following, if known and available to **you**:
1. appropriate data from the **ride-share application** pertaining to the **loss** and pertaining to the use of **valid credentials** used to access the **ride-share application**;
2. information pertaining to whether or not the driver of the **insured auto** was engaged in a **prearranged service** at the time of the **accident** or **loss**; and
3. the location of the arranged pick-up location.

If **you** or any person seeking coverage cannot identify the owner or operator of a vehicle involved in the **accident**, or if theft or vandalism has occurred, **you** or the person seeking coverage must notify the police within 24 hours or as soon as practicable. However, for purposes of uninsured motorist coverage when the owner or operator of a vehicle involved in the **accident** cannot be identified, **you** or the person seeking coverage must notify the police no more than 30 days after the **accident**.

**You** and a person seeking coverage must:
1. cooperate with **us** in any matter concerning a claim or lawsuit, including providing **us** with information regarding the driver's use of other **transportation network company** applications at the time of the **accident** or **loss**;
2. provide any written proof of loss **we** may reasonably require;
3. allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, which **we** may conduct outside the presence of **you** or any person claiming coverage, and answer all reasonable questions **we** may ask as often as **we** may reasonably require;
4. promptly call **us** to notify **us** about any claim or lawsuit and send **us** any and all legal papers relating to any claim or lawsuit;
5. attend hearings and trials as **we** require;
6. submit to medical examinations at **our** expense by doctors **we** select as often as **we** may reasonably require;
7. authorize **us** to obtain medical records that are reasonably related to the cause of **loss** or the injuries being asserted and other pertinent records;

8. take reasonable steps after a **loss** to protect the **insured auto** from further **loss** if the coverage sought is for damage to the **insured auto** under Part II of this policy. **We** will pay reasonable expenses incurred in providing that protection. If failure to provide such protection results in further **loss**, any additional damages will not be covered under this policy; and

9. allow **us** to have the damage to an **insured auto** or other vehicle involved in the **accident** or **loss** inspected and appraised before its repair or disposal.

With respect to Part I—Liability To Others, unless **we** are prejudiced by an **insured's** failure to comply with the requirement, any provision of this policy requiring an **insured** to give notice of action, occurrence, or **loss**, or requiring an **insured** to forward demands, notices, summons, or other legal process, shall not bar coverage under this policy.

## GENERAL DEFINITIONS

**The words and phrases below, whether in the singular, plural or possessive, have the following special meanings when appearing in boldface type in this policy, and in endorsements issued in connection with this policy, unless specifically modified.**

1. "**Accident**" means a sudden, unexpected and unintended event that causes **bodily injury** or **property damage**.

2. "**Auto**" means a land motor vehicle:
   a. of the private passenger, pickup body, or cargo van type;
   b. designed for operation principally upon public roads;
   c. with at least four wheels;
   d. with a seating capacity of eight or fewer passengers, including the driver; and
   e. with a gross vehicle weight rating of 10,000 pounds or less, according to the manufacturer's specifications.

   However, **auto** does not include step-vans, parcel delivery vans, or cargo cutaway vans or other vans with cabs separate from the cargo area.

   It does not include **mobile equipment**.

3. "**Bodily injury**" means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.

4. "**Covered TNC operations**" means the provision of either passenger services or non-passenger delivery services by a natural person, and specifically excludes taxi operations. Only **your transportation network company** services that are available in the **ride-share application**, and previously disclosed to **us** by **you** in **your** application for insurance, or endorsement thereto, for use with **valid credentials** are considered "**covered TNC operations**."

2

5. "**Declarations**" or "**declarations page**" means the document prepared by **us** listing **your** policy information, which may include the types of coverage **you** have elected and the limit for each coverage.

6. "**Goods**" means property, merchandise, food, documents, or any other tangible item. When the "**goods**" are food, "**goods**" includes service bags and containers needed to deliver the food, but only when the driver is in the course of delivering the food or returning the service bag or container to the restaurant or to its owner.

7. "**Insured auto**" means:
   a. Any **auto** while being used by a **TNC driver**, but only while engaged in providing a **prearranged service** utilizing the **ride-share application** accessed using that **TNC driver's valid credentials**; or
   b. Any **auto** while that **auto** is being operated by a person other than a **TNC driver** to whom **you** assigned the **valid credentials**, while being used with the **ride-share application** at the time of the **accident** or **loss**, when all of the following apply:
      (i) the operator of the **auto** is engaged in providing a **prearranged service**; and
      (ii) the **ride-share application** was accessed using **valid credentials**.

8. "**Loss**" means sudden, direct and accidental loss or damage.

9. "**Mobile equipment**" means any of the following types of land vehicles, including, but not limited to, any attached machinery or equipment:
   a. Bulldozers, farm implements and machinery, forklifts, and other vehicles designed for use principally off public roads;
   b. Vehicles **you** use solely on premises **you** own or rent and on accesses to public roads from these premises;
   c. Any vehicle that travels on crawler treads, or that does not require licensing in the state in which **you** live or **your** business is licensed;
   d. Vehicles, whether self-propelled or not, used primarily to provide mobility to permanently attached:
      (i) Power cranes, shovels, loaders, diggers or drills; or
      (ii) Road construction or resurfacing equipment such as graders, scrapers or rollers;
   e. Vehicles not described in Paragraphs a., b., c., or d. above that are not self-propelled and are used primarily to provide mobility to permanently attached equipment of the following types:
      (i) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting, and well-servicing equipment; or
      (ii) Cherry pickers and similar devices used to raise or lower workers; or
   f. Vehicles not described in Paragraphs a., b., c., or d. above that are self-propelled and used primarily for purposes other than transportation of persons or cargo.

However, **mobile equipment** does not include any land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged.

10. "**Occupying**" means in, on, entering, exiting, or alighting from.

11. "**Pollutants**" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

12. "**Prearranged service**" means any of the following:
    a.  the operation of any **insured auto** while the driver is logged on to the **ride-share application** and has recorded acceptance in the **ride-share application** of a request to provide **covered TNC operations** and is engaged in one of the following activities:
        (i)   traveling to the accepted pick-up location of the passenger(s) or **goods** to be delivered, including the picking up of any passenger(s) or **goods**, and the pick-up location is in the state of Florida; or
        (ii)  traveling to the final destination location of the passenger(s) or **goods**, including the dropping off of any passenger(s) or **goods**, and the pick-up location was in the state of Florida;
    b.  the operation of any **insured auto** while the driver is logged on to the **ride-share application** and is available to perform **covered TNC operations**, but has not recorded acceptance of such a request in the **ride-share application** and is on a public airport premises within the state of Florida; or
    c.  the operation of any **insured auto** while on a public airport premises immediately after dropping off any passenger(s) or **goods** as the result of completing a request for **covered TNC operations** using the **ride-share application**:
        (i)   where the accepted pick-up location of the passenger(s) or **goods** dropped off at the public airport as recorded in the **ride-share application** was within the state of Florida; and
        (ii)  the **TNC driver** or other operator of the **insured auto** has not recorded acceptance in the **ride-share application** of another request to provide **covered TNC operations**.

    "**Prearranged service**" does not include a shared expense carpool or vanpool or transportation provided by a taxicab.

13. "**Property damage**" means physical damage to, destruction of, or loss of use of, tangible property.

14. "**Ride-share application**" means the digital network licensed and made available by **you** that is used by a **TNC driver** to receive requests to provide **covered TNC operations**.

15. "**TNC driver**" means an individual, who is not **your** employee, providing **covered TNC operations** via the **ride-share application**.

4

16. "**Transportation network company**" means an entity that uses an online-enabled application, software, website, or system to connect network company users with network company drivers for the purpose of facilitating the transportation of passengers and/or non-passenger delivery of **goods**.

17. "**Valid credentials**" means the unique password and other credentials provided by **you** and assigned to the **TNC driver** pursuant to a contract between **you** and the **TNC driver** in order for that **TNC driver** to access the **ride-share application**.

18. "**We**," "**us**" and "**our**" mean the company providing this insurance as shown on the **declarations page**.

19. "**You**," "**your**" and "**yours**" refer to the named insured shown on the **declarations page**.

## PART I—LIABILITY TO OTHERS

### INSURING AGREEMENT—LIABILITY TO OTHERS

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury** and **property damage** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of an **insured auto** during a **prearranged service**.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

### ADDITIONAL DEFINITION USED IN THIS PART ONLY

When used in Part I—Liability To Others, **insured** means:
1. **You** with respect to an **insured auto**.
2. A **TNC driver** operating an **insured auto.**
3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person or entity otherwise covered under this Part I—Liability To Others.

### ADDITIONAL PAYMENTS

In addition to **our** Limit of Liability, **we** will pay for an **insured**:

1. all expenses that **we** incur in the settlement of any claim or in the defense of any **insured** in any lawsuit. This does not include attorney fees or sanctions awarded or assessed against an **insured** unless they were taxed against an **insured** because

5

the Company, while providing a defense, rejected an offer of judgment at or below the applicable limit of liability;

2. interest accruing after entry of judgment on that part of the judgment that does not exceed **our** Limit of Liability. This payment does not apply if **we** have not been given notice of suit or the opportunity to defend an **insured**. **Our** payment, offer in writing, or deposit in court of that part of the judgment which does not exceed **our** Limit of Liability ends **our** duty to pay interest that accrues after the date of **our** payment, written offer, or deposit;

3. the premium on any appeal bond or attachment bond required in any lawsuit **we** defend. **We** have no duty to purchase a bond in a principal amount exceeding **our** Limit of Liability, and **we** have no duty to apply for or furnish these bonds;

4. up to $2,000 for cost of bail bonds required because of an **accident we** cover. **We** have no duty to apply for or furnish these bonds;

5. reasonable expenses incurred by an **insured** at **our** request, including loss of earnings up to $250 a day; and

6. all court costs taxed against the **insured** in any "suit" against the **insured we** defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the **insured**.

## OUT-OF-STATE COVERAGE EXTENSION

The following coverage extension applies, subject to the Other Insurance, Policy Period and Territory, and other applicable provisions of this policy, only when the **insured auto** is being operated outside of Florida and is engaged in a **prearranged service**:

If an **accident** to which this Part I applies occurs in any state, territory, or possession of the United States of America, or any province or territory of Canada, other than the state of Florida, and the state, province, territory or possession has:
1. a financial responsibility, **transportation network company**, or similar law requiring limits of liability for **bodily injury** or **property damage** higher than the limits shown on the **declarations page**, this policy will provide the higher limit; or
2. a compulsory insurance, **transportation network company**, or similar law requiring a non-resident to maintain insurance whenever the non-resident uses an **auto** in that state, province, territory or possession, this policy will provide the greater of:
   a. the required minimum amounts and types of coverage; or
   b. the Limits of Liability under this policy.

This extension does not apply to the limit or limits specified by any law governing commercial carriers of passengers or property, including, but not limited to, any limit or limits specified in Title 49 of the Code of Federal Regulations.

**We** will not pay anyone more than once for the same elements of **loss** because of this extension.

**EXCLUSIONS—PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I—LIABILITY TO OTHERS.**

Coverage under this Part I, including **our** duty to defend, does not apply to:

1. **Expected or Intended Injury**
   **Bodily injury** or **property damage** either expected by, or caused intentionally by, or at the direction of, the **insured**.

2. **Contractual**
   Any liability assumed by an **insured** under any contract or agreement, other than one of the following:
   a. the contract between **you** and the **TNC driver** to provide **covered TNC operations** via the **ride-share application**; or
   b. a contract or agreement entered into by **you** that is afforded coverage pursuant to an endorsement to this policy.

   This exclusion does not apply to liability for damages the **insured** would have in the absence of the contract or agreement, if otherwise covered by this policy.

3. **Worker's Compensation**
   Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law.

4. **Nuclear Energy Liability**
   An **accident** for which any person is insured under nuclear energy liability insurance. This exclusion applies even if the limits of that insurance are exhausted.

5. **Employee Indemnification and Employer's Liability**
   **Bodily injury** to:
   a. An employee of any **insured** arising out of or within the course of:
      (i) That employee's employment by any **insured**; or
      (ii) Performing duties related to the conduct of any **insured's** business; or
   b. The spouse, child, parent, brother or sister of that employee as a consequence of Paragraph a. above.

   This exclusion applies:
   a. Whether the **insured** may be liable as an employer or in any other capacity; and
   b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

7

6. **Movement of Property by Mechanical Device**
**Bodily injury** or **property damage** resulting from or caused by the movement of property by a mechanical device not attached to an **insured auto**.

7. **Handling of Property**
**Bodily injury** or **property damage** resulting from or caused by the handling of property:
   a. before it is moved from the place where it is accepted by the **insured** for movement into or onto the **insured auto**; or
   b. after it has been moved from the **insured auto** to the place where it is finally delivered by the driver.

8. **Pollution**
**Bodily injury** or **property damage** resulting from or caused by the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of any **pollutants**:
   a. That are, or that are contained in any property that is:
      (i) Being transported or towed by, handled, or handled for movement into, onto, or from, the **insured auto**;
      (ii) Otherwise in the course of transit by or on behalf of the **insured**; or
      (iii) Being stored, disposed of, treated, or processed in or upon the **insured auto**;
   b. Before the **pollutants** or any property in which the **pollutants** are contained are moved from the place where they are accepted by the driver for movement into or onto the **insured auto**; or
   c. After the **pollutants** or any property in which the **pollutants** are contained are moved from the **insured auto** to the place where they are finally delivered, disposed of, or abandoned by the driver.

The above Paragraph a. of this exclusion does not apply to fuels, lubricants, fluids, exhaust gasses, or other similar **pollutants** that are needed for or result from the normal electrical, hydraulic, or mechanical functioning of the **insured auto** or its parts, if the **pollutants** escape, seep, migrate, or are discharged, dispersed, or released directly from an **insured auto** part designed by its manufacturer to hold, store, receive, or dispose of such **pollutants** and is a part that would be required for the customary operation of the **insured auto**.

The above Paragraphs b. and c. of this exclusion do not apply to **accidents** that occur away from premises owned by or rented to an **insured** with respect to **pollutants** not in or upon an **insured auto** if:
   a. The **pollutants** or any property in which the **pollutants** are contained are upset, overturned, or damaged as a result of the maintenance or use of an **insured auto**; and
   b. The discharge, dispersal, seepage, migration, release, or escape of the **pollutants** is caused directly by such upset, overturn, or damage.

8

9. **Racing**

**Bodily injury** or **property damage** arising out of the use of any vehicle, and resulting from the driver of an **insured auto** participating in, or preparing for, a prearranged or organized racing, speed or demolition contest, stunting activity, or performance contest.

10. **War**

**Bodily injury** or **property damage** arising directly or indirectly out of:
   a. War, including undeclared or civil war;
   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign, or other authority using military personnel or other agents; or
   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

11. **Operations**

**Bodily injury** or **property damage** arising out of the operation of any **mobile equipment** attached to an **auto**.

12. **Completed Operations**

**Bodily injury** or **property damage** arising out of the use of an **insured auto** when the driver of the **insured auto** is no longer engaged in providing a **prearranged service**.

13. **Controlled Substance**

**Bodily injury** or **property damage** arising out of the use, sale, manufacture, delivery, transfer or possession by the operator of an **insured auto** of a controlled substance as defined by the Federal Food and Drug Law at 21 U.S.C.A. sections 811 and 812. This exclusion does not apply to the legitimate use of prescription drugs by a person following the orders of a physician.

This exclusion does not apply if **you** had no reasonable prior knowledge that the driver of the **insured auto** at the time of the **accident** or **loss** was affected by a controlled substance.

14. **Property Being Delivered**

**Property damage** to any property, **goods** or item while it is being delivered or handled by a driver of an **insured auto** or while it is in the custody, care or control of a driver of an **insured auto** pursuant to the driver's acceptance in the **rideshare application** to deliver the property, **goods** or item. This exclusion includes the loading and unloading of such property, **goods** or item. This exclusion does not apply to **property damage** to personal items, **goods** or property belonging to, or in the care of, a **prearranged service** passenger.

## LIMIT OF LIABILITY

**We** will pay no more than the Limit of Liability shown on the **declarations page** for this coverage for the **insured auto** involved in the **accident** regardless of:
1. the number of premiums paid;
2. the number of **insured autos** insured by this policy;
3. the number of policies issued by **us** or **our** affiliates to **you** or **your** affiliates;
4. the number of vehicles or **insureds** involved in an **accident**;
5. the number of claims or lawsuits arising out of an **accident**; or
6. whether the driver of the **insured auto** is engaged in providing more than one **prearranged service**, using more than one **ride-share application**, or using more than one passenger or delivery program in the same **ride-share application** at the time of the **accident** or **loss**.

If more than one **insured auto** is involved in the same **accident** or **loss**, each **insured** operating an **insured auto** in that **accident** or **loss**, who is otherwise entitled to coverage under Part I of this policy, will be entitled to a separate limit of liability under Part I of this policy.

### Combined Bodily Injury and Property Damage Limits

Because **your declarations page** indicates that combined **bodily injury** and **property damage** limits apply for "each accident" or a "combined single limit" applies, the amount shown on the **declarations page** is the most **we** will pay for the total of all damages resulting from any one **accident**. However, without changing this limit of liability, **we** will comply with any law that requires **us** to provide any separate limits.

For the purpose of determining **our** Limit of Liability above, all **bodily injury** or **property damage** resulting from continuous or repeated exposure to substantially the same event shall be considered as resulting from one **accident**.

Any amount payable under Part I—Liability To Others to or for an injured person will be reduced by any payment made to that person under any Uninsured Motorist Coverage provided by this policy.

### OTHER INSURANCE

#### 1. Primary

The coverage under Part I of this policy will be primary in relation to any other liability insurance policy or bond applicable to the **accident** or **loss** only if that other policy is a personal lines automobile liability insurance policy, unless that personal lines automobile insurance policy recognizes the **TNC driver** providing services in connection with a **transportation network company**, or recognizes the use of the **insured auto** with a **transportation network company**, and clearly provides coverage for the **accident** or **loss**.

10

**2. Excess**

Subject to the paragraph above, if there is any other liability insurance or bond applicable to an **accident** or **loss** covered under Part I of this policy, coverage under Part I of this policy will be excess over any and all other valid and collectible insurance, regardless of whether the other insurance is primary, excess or contingent.

When the coverage under Part I of this policy applies on an excess basis and there is any other liability insurance, bond or self-insurance that applies on a primary basis, the Part I Limit of Liability described on **your declarations page** of this policy shall be reduced by the sum of all limits of liability from all valid and collectible liability insurance, bonds, and self-insurance that are applicable on a primary basis.

**3. Pro Rata**

If there is any other liability insurance or bond applicable to an **accident** or **loss** covered under Part I of this policy and coverage under more than one policy applies on the same basis, **we** will pay, subject to **our** applicable Part I—Liability to Others Limit of Liability, only **our** share of the damages. **Our** share is the proportion that **our** Limit of Liability bears to the total of all applicable limits.

## PART II—DAMAGE TO AN AUTO

### INSURING AGREEMENT—COLLISION COVERAGE

Subject to the Limits of Liability, if **you** pay the premium for Collision Coverage, **we** will pay for **loss** to an **insured auto** when it collides with another object or overturns while being operated by a **TNC driver** engaged in providing a **prearranged service** if the **insured auto** is the same **auto** registered with **you** by that **TNC driver** for use with the **ride-share application**, and:
1. if Collision Coverage under a separate motor vehicle policy existed and was in effect at the time of the **accident** or **loss** covering the **insured auto** involved in the **accident** or **loss**, and:
   a. the **TNC driver** was an insured on that separate policy; or
   b. the **insured auto** was a covered vehicle on that separate policy;
   regardless of whether or not the separate policy provides Collision Coverage for the subject **accident** or **loss**; or
2. if the **insured auto** was rented or leased from a vendor recognized and authorized by **you** for specific use with **your transportation network company**.

### INSURING AGREEMENT—COMPREHENSIVE COVERAGE

Subject to the Limits of Liability, if **you** pay the premium for Comprehensive Coverage, **we** will pay for **loss** to an **insured auto** from any cause, other than those **losses** covered under Collision Coverage, that occurs while being operated by a **TNC driver**

11

engaged in providing a **prearranged service** if the **insured auto** is the same **auto** registered with **you** by that **TNC driver** for use with the **ride-share application**, and:

1. if Comprehensive Coverage under a separate motor vehicle policy existed and was in effect at the time of the **accident** or **loss** covering the **insured auto** involved in the **accident**, **loss**, or damage and:
   a. the **TNC driver** was an insured on the separate policy; or
   b. the **insured auto** was a covered vehicle on the separate policy;
   regardless of whether or not the separate policy provides Comprehensive Coverage for the subject **accident** or **loss**; or
2. if the **insured auto** was rented or leased from a vendor recognized and authorized by **you** for specific use with **your transportation network company**.

Any **loss** caused by missiles, falling objects, fire, theft, collision with an animal, or accidental glass breakage shall be deemed a Comprehensive **loss**.

## INSURING AGREEMENT—FULL COMPREHENSIVE WINDOW GLASS COVERAGE

If **you** pay the premium for Comprehensive Coverage, and if the **insured auto** qualifies for Comprehensive Coverage under the terms of the immediately preceding insuring agreement, we will pay for sudden, direct, and accidental loss to a windshield on an **insured auto** that is not caused by a collision, without applying the deductible.

No coverage for windshield only damage shall apply unless **you**, the **TNC driver**, and the owner of the **insured auto** seeking coverage:

1. cooperates with **us** in any matter concerning a claim;
2. notifies **us** about any claim or loss, before any work is commenced or repairs are completed, by contacting **us** using the claim reporting functionality established by the named insured or by the telephone numbers listed on **our** website; and
3. allows **us** to have the damage to the **insured auto** for which coverage is sought inspected; provided, however, that this condition for coverage is waived in the event **we** fail to inspect the **insured auto** within 48 hours after the loss is reported by **you** or the owner of the covered auto, or emergency repairs are necessary to minimize further damage or expenses so long as color photographs clearly showing the damaged area(s) are taken and provided to **us** along with an itemized estimate of such repairs and payment receipts.

## ADDITIONAL COVERAGE

### Transportation Expenses

**We** will pay up to $30 per day, up to a maximum of $900, for temporary transportation expenses incurred by a **TNC driver** because of the theft of an **insured auto** if the **insured auto** was registered for use with the **ride-share application**. This coverage applies only to those **insured autos** for which the Comprehensive Coverage under this policy applies to, and covers, the subject **loss**. **We** will pay for temporary transportation

12

expenses incurred during the period beginning 48 hours after **you** or the **TNC driver** report the theft to **us**, and ending when the **insured auto** is returned to use, or **we** pay for its **loss**.

**ADDITIONAL PAYMENTS**

If **you** have paid the premium for Comprehensive Coverage or Collision Coverage, and if such coverage applies to, and covers, the subject **accident** or **loss**, then in addition to **our** Limit of Liability, **we** will pay:

1. All reasonable expenses necessary to return a stolen **insured auto** to the **TNC driver** or the vehicle's owner, unless **we** determine the **auto** to be a **total loss**.
2. All reasonable expenses necessary to remove an **insured auto** from the site of an **accident** or **loss** and transport it to a repair facility.

**ADDITIONAL DEFINITION USED IN THIS PART ONLY**

When used in Part II—Damage To An Auto:

"**Total loss**" means any **loss** to the **insured auto** that is payable under this Part II if the cost to repair the damage (including parts and labor), when combined with the salvage value, exceeds the actual cash value of the **insured auto** at the time of the **loss**.

**EXCLUSIONS—PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART II—DAMAGE TO AN AUTO.**

1. **We** will not pay for **loss** caused by or resulting from any of the following. Such **loss** is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the **loss**.
   a. **War or Military Action**
      (i) war, including undeclared or civil war;
      (ii) warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or agents; or
      (iii) insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.
   b. **Nuclear Hazard**
      (i) the explosion of any weapon employing atomic fission or fusion; or
      (ii) nuclear reaction or radiation, or radioactive contamination, however caused.
   c. **Terrorism**
      (i) the use of violence in furtherance of any political, religious, financial, or ideological objectives, including but not limited to, any use of violence for the purpose of putting the public or any section of the public in fear; or
      (ii) action taken by any governmental authority or other entity to hinder or defend against such violence.

13

2. **We** will not pay for **loss** to sound equipment, video equipment, or transmitting equipment not permanently installed in an **insured auto**, or to tapes, records, compact discs, DVDs, or similar items used with sound or video equipment owned or in the possession or control of the **TNC driver** or any operator of the **insured auto**.

3. **We** will not pay for **loss** to radar detectors or to any other equipment or device designed or used to detect speed measuring equipment, or to any equipment designed or used to jam or disrupt any speed measuring equipment.

4. **We** will not pay for **loss** due and confined to:
   a. wear and tear, freezing, mechanical or electrical breakdown.
   b. blowouts, punctures or other road damage to tires.
   But, coverage does apply if the damage is the result of other **loss** covered by the policy.

5. **We** will not pay for **loss** incurred while an **insured auto** is used in any illicit trade or transportation, or due to an **insured auto's** destruction or confiscation by governmental or civil authorities because **you** or a **TNC driver** engaged in illegal activities.

6. **We** will not pay for **loss** caused by the operator of an **insured auto** participating in or preparing for a prearranged or organized racing, speed or demolition contest, stunting activity, or performance contest.

7. **We** will not pay for loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data. "Electronic data" means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drivers, cells, data processing devices, or any other media which are used with electronically controlled equipment.

8. **We** will not pay for **loss** to an **insured auto** for diminution of value.

### LIMIT OF LIABILITY

1. The most **we** will pay for **loss** to an **insured auto** is the least of:
   a. the actual cash value of the stolen or damaged property at the time of **loss**;
   b. the amount necessary to replace the stolen or damaged property with another of like kind and quality; or
   c. the amount necessary to repair the damaged property to its pre-loss physical condition; however, if **we** determine that the **insured auto** is a **total loss**, **we** may, at **our** option, pay the lesser of the actual cash value or the cost to replace, rather than repair, the **insured auto**.

2. Payments for **loss** covered under Collision Coverage or Comprehensive Coverage are subject to the following provisions:

   a. in determining the amount necessary to repair damaged property to its pre-loss physical condition, the amount to be paid by **us**:

      (i) shall not exceed the prevailing competitive labor rates charged in the area where the property is to be repaired and the cost of repair or replacement parts and equipment, as reasonably determined by **us**; and

      (ii) will be based on the cost of repair or replacement parts and equipment which may be new, reconditioned, remanufactured, or used, including, but not limited to:

         (a) original manufacturer parts or equipment; and

         (b) non-original manufacturer parts or equipment;

   b. the actual cash value is determined by the market value, age and condition of the **auto** at the time the **loss** occurs; and

   c. duplicate recovery for the same elements of damages is not permitted.

## DEDUCTIBLE

For each **loss** that qualifies for coverage under Comprehensive or Collision, the deductible shown on the **declarations page** will be applied. A single deductible will be applied to any **loss**. In the event there are different deductible amounts applicable to the **loss**, the higher deductible will be applied. In all events, the deductible will be applied against the limit of liability. If a **loss** involves another coverage added by endorsement to this policy, only one deductible will apply to the entire **loss** event.

The Part II deductible will be paid by the person seeking coverage under Part II of this policy.

## SALVAGE

If **we** pay the amount necessary to replace an **insured auto** less the deductible, **we** are entitled to all salvage. If **we** pay the actual cash value less the deductible, **we** are entitled to the same percent of salvage as **our** payment bears to the actual cash value of the **insured auto**.

## NO BENEFIT TO BAILEE

Other than a person operating an **insured auto**, no bailee or carrier shall benefit, directly or indirectly, from this Part II—Damage To An Auto.

## APPRAISAL

If **we** cannot agree with the person seeking coverage on the amount of **loss**, then the person seeking coverage or **we** may demand an appraisal of the **loss**. Each party shall appoint a competent and disinterested appraiser. If the appraisers agree on the amount of the **loss**, they shall submit a written report to **us** and this shall be deemed to be the amount of the **loss**.

If the appraisers cannot agree on the amount of the **loss** within a reasonable time, they shall then choose a competent, impartial umpire, provided that if they cannot agree on an umpire within 15 days, either the person seeking coverage or **we** may petition a judge of a court having jurisdiction to choose an umpire. The disagreement of the appraisers shall then be submitted to the umpire. Subject to the provisions of the policy, a written agreement signed by both appraisers or by one appraiser and the umpire will be the amount of the **loss**.

The person seeking coverage must pay his or her own fees and expenses and those of his or her appraiser. **We** will pay **our** fees and expenses and those of **our** appraiser. All other expenses of the appraisal, including payment of the umpire if one is necessary, will be shared equally by the person seeking coverage and **us**.

By agreeing to an appraisal, **we** do not waive any of **our** rights under any other part of this policy, including **our** right to deny the claim.

**PAYMENT OF LOSS**

At **our** option, **we** may pay the **loss** in money, or repair or replace the damaged or stolen property. **We** may, at any time before the **loss** is paid or the property is replaced, return, at **our** expense, any stolen property to the owner of that property with payment for the resulting damage less any applicable deductibles. If the property is a vehicle and a **total loss** or if the property is not a vehicle but **we** deem the property cannot be repaired, **we** may keep all or part of the property at the agreed or appraised value, but there shall be no abandonment to **us**.

**We** may make payment for a **loss** either to the person seeking coverage or the owner of the property. Payment for a **loss** is required only if **you**, the person seeking coverage, and the owner of the property have fully complied with the terms of this policy. If there is a lien on the vehicle or property, payment for a **loss** will be paid directly to the repair facility or jointly to the vehicle's owner and the lienholder.

The person seeking coverage or the owner of the **insured auto** must convey title to and possession of the damaged, destroyed, or stolen property to **us** if **we** pay the actual cash value of the **insured auto** less the deductible or if **we** pay the amount necessary to replace the **insured auto** less the deductible.

**LIENHOLDER AGREEMENT**

**Loss** or damage under this Part II shall be paid as interest may appear to the **insured auto's** owner and the lienholder as described on the **insured auto's** title of ownership, on the declarations page of another policy that covered the **insured auto** and existed at the time of the **loss** or damage, or on some other form of proof, if such valid lienholder documentation is provided to **us** after the **loss** or damage and before any payment is made by **us**.

16

1. where fraud, misrepresentation, material omission, or intentional damage resulting in a denial of coverage by **us** has been committed by or at the direction of any person seeking coverage; or
2. where the **loss** is otherwise not covered under the terms of this policy.

If this policy is cancelled, nonrenewed or voided, the interest of any lienholder under this agreement will also terminate.

## OTHER INSURANCE

For any **insured auto**, this policy provides coverage under Part II only if the following apply:
1. Collision Coverage or Comprehensive Coverage, whichever the case, for the **insured auto** existed under a separate personal automobile policy; and
2. the separate policy and the applicable coverage were in effect at the time of the **accident**, **loss**, or damage for that **insured auto**;

regardless of whether or not the separate policy provides coverage for the subject **accident** or **loss**.

If coverage under more than one policy applies on the same basis, **we** will pay, subject to **our** applicable Part II—Damage To An Auto Limit of Liability, only **our** share of the damages. **Our** share is the proportion that **our** Limit of Liability bears to the total of all applicable limits.

## PART III—UNINSURED MOTORIST

### INSURING AGREEMENT—UNINSURED MOTORIST BODILY INJURY COVERAGE

Subject to the Limits of Liability, if **you** pay the premium for this coverage, **we** will pay for damages, other than punitive or exemplary damages, that an **insured** is legally entitled to recover from the **owner** or operator of an **uninsured auto** because of **bodily injury**:
1. sustained by an **insured**;
2. caused by an **accident** occurring while the **TNC driver** is engaged in providing a **prearranged service**; and
3. arising out of the ownership, maintenance, or use of an **uninsured auto**.

The **bodily injury** must be a serious injury as described in section 627.737(2) of the Florida Motor Vehicle No-Fault Law, as amended, before **we** will pay for damages consisting of pain, suffering, mental anguish, or inconvenience.

An **insured** must notify **us** in writing by certified mail or registered mail at least thirty (30) days before entering into any settlement with the **owner** or operator of an **uninsured auto**, or that person's liability insurer. In order to preserve **our** right of subrogation, **we** may elect to pay any sum offered in settlement by, or on behalf of, the **owner** or operator of an **uninsured auto**. If **we** do this, **you** agree to assign to **us** all subrogation rights that **you** have against the **owner** or operator of an **uninsured auto**.

17

**ADDITIONAL DEFINITIONS USED IN THIS PART III ONLY**

When used in this Part III, whether in the singular, plural, or possessive:

1. "**Insured**" means:
   a. **You**;
   b. Any **TNC driver** operating an **insured auto** who has entered into a contract with **you** to provide **covered TNC operations** via the **ride-share application** and whose contract was in force at the time of the subject **accident** or **loss**; and
   c. Any person while **occupying** an **insured auto** while that **insured auto** is engaged in a **prearranged service**. However, an operator of an **insured auto** who is using the **valid credentials** of any other person at the time of the subject **accident** or **loss** is not an "**insured**" for purposes of this Part III.

2. "**Owned**" means the person or organization:
   a. holds legal title to the vehicle;
   b. has legal possession of the vehicle that is subject to a written security agreement with an original term of six (6) months or more; or
   c. has legal possession of the vehicle that is leased to that person or organization under a written agreement for a continuous period of six (6) months or more.

3. "**Owner**" means the person or organization who, with respect to a vehicle:
   a. holds legal title to the vehicle;
   b. has legal possession of the vehicle that is subject to a written security agreement with an original term of six (6) months or more; or
   c. has legal possession of the vehicle that is leased to that person or organization under a written agreement for a continuous period of six (6) months or more.

4. "**Uninsured auto**" means a land motor vehicle or trailer of any type:
   a. to which no bodily injury liability bond or policy applies at the time of the **accident**;
   b. to which a bodily injury liability bond or policy applies at the time of the **accident**, but the bonding or insuring company:
      (i) denies coverage; or
      (ii) is or becomes insolvent;
   c. to which a bodily injury liability bond or policy applies at the time of the **accident**, but its limit of liability for **bodily injury** is less than the **bodily injury** damages an **insured** is legally entitled to recover; or
   d. that is a hit-and-run vehicle whose operator or **owner** cannot be identified and that causes an **accident**, with or without physical contact, resulting in **bodily injury** to an **insured**, provided that the **insured**, or someone on his or her behalf, reports the **accident** to the police or civil authority within twenty-four (24) hours or as soon as practicable after the **accident**.

   An "**uninsured auto**" does not include any motorized auto or equipment:
   a. **owned** by, furnished to, or available for the regular use of the **insured** driver;
   b. designed mainly for use off public roads, while not on public roads;

c.   while being used as a residence or premises;
d.   not required to be registered as a motor vehicle; or
e.   afforded liability coverage pursuant to this policy.

**EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART III.**

1.   Coverage is not provided for **bodily injury** sustained by any person while using or **occupying** an **insured auto** without the express or implied permission of the **TNC driver** or of the operator or **owner** of the **insured auto**.

2.   Coverage will not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar laws:
a.   workers' compensation law; or
b.   disability benefits law.

**LIMIT OF LIABILITY—NON-STACKED**

Regardless of the number of premiums paid, or the number of **insured autos** insured by this policy, or the number of policies issued by **us**, or the number of claims or lawsuits arising out of an **accident**, or the number of **ride-share applications** being used by the driver at the time of the **accident** or **loss**, or the number of **prearranged services** the driver was engaged in at the time of the **accident** or **loss**, or the number of passenger or delivery programs within the same **ride-share application** the driver was using at the time of the **accident** or **loss**, **we** will pay no more than the Limit of Liability shown for Uninsured Motorist Coverage on the **declarations page**.

The Limit of Liability for Uninsured Motorist Coverage shall not be added to or stacked upon any uninsured or underinsured motorist coverage applying to other motor vehicles to determine the amount of coverage available to an **insured** injured in any one **accident**.

If **your declarations page** shows a split limit:
a.   the amount shown for "each person" is the most **we** will pay for all damages due to **bodily injury** to one person; and
b.   subject to the "each person" limit, the amount shown for "each accident" is the most **we** will pay for all damages due to **bodily injury** sustained by two or more persons in any one **accident**.

The "each person" limit of liability includes the total of all claims made for **bodily injury** to an **insured** and all claims of others derived from such **bodily injury**, including, but not limited to, emotional injury or mental anguish resulting from the **bodily injury** of another or from witnessing the **bodily injury** to another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death, if recoverable under the applicable law.

19

If **your declarations page** shows that an "each accident" limit applies, the amount shown is the most **we** will pay for the total of all damages resulting from any one **accident**. However, without changing this total "each accident" limit of liability, **we** will comply with any law that requires **us** to provide any separate limits.

In determining the amount payable under this coverage, the amount of damages that an **insured** is entitled to recover for **bodily injury** shall be reduced by all sums:
1. paid because of **bodily injury** by or on behalf of any persons or organizations that may be legally responsible;
2. paid or payable under Part I—Liability To Others;
3. paid or payable under any applicable Personal Injury Protection Coverage or Medical Payments Coverage;
4. paid, payable, or that should apply, because of **bodily injury** under any of the following or similar laws:
    a. workers' compensation law; or
    b. disability benefits law; or
5. paid, payable, or that should apply, because of **bodily injury** under any:
    a. occupational accident insurance, but only with respect to **bodily injury** to the **TNC driver**; or
    b. driver injury protection insurance, but only with respect to **bodily injury** to the **TNC driver**.

No one will be entitled to duplicate payments for the same elements of damages.

Any judgment or settlement for damages against an operator or **owner** of an **uninsured auto** that arises out of a lawsuit brought without **our** written consent is not binding on **us**.

### OTHER INSURANCE

#### 1. Excess

Coverage under Part III of this policy will apply on an excess basis.

#### 2. Pro Rata

If uninsured motorist coverage under more than one policy applies on an excess basis, **we** will pay, subject to **our** applicable Part III—Uninsured Motorist Limit of Liability, only **our** share of the damages. **Our** share is the proportion that **our** Limit of Liability bears to the total of all applicable limits.

#### 3. Non-Duplication

**We** will not pay for any damages that would duplicate any damages paid under any other insurance.

1. **Policy Period and Territory**

   This policy applies only to **accidents** and **losses** occurring during the policy period shown on the **declarations page** and that occur during a **prearranged service** within a state, territory or possession of the United States of America, or a province or territory of Canada, or while the **insured auto** is being transported between their ports.

2. **Policy Changes**

   This policy, the **declarations page**, as amended, **your** insurance application, and endorsements to this policy issued by **us** contain the entire insurance policy issued to **you** by **us** for the coverages provided. Subject to the following, its terms may not be changed or waived except by an endorsement issued by **us**.

   The premium for this policy is based on information **we** have received from **you** and/or other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete, and **you** will notify **us** if it changes during the policy period. If the information **you** provided is incorrect, incomplete, or changes during the policy period, **you** agree that **we** may adjust **your** premium during the policy period, or take other appropriate action, including, but not limited to, cancellation or nonrenewal of this policy.

   Nothing contained in this section will limit **our** right to void, cancel, or nonrenew this policy for fraud, misrepresentation or concealment of any material fact by **you**, or anyone acting on **your** behalf.

3. **Two or More Policies Issued to You by Us**

   If any applicable insurance other than this policy is issued to **you** or any affiliate of **yours** by **us** or any affiliate of **ours** and applies to the same **accident** or **loss**, the total amount payable for each separate coverage among all such policies shall not exceed the limits provided by the single policy with the highest limit of liability for that coverage. However, if more than one **insured auto** is involved in the same **accident**, each **insured** operating or using an **insured auto** shall have separate limits of liability for Liability To Others Coverage listed on the **declarations page**.

4. **Legal Action Against Us**

   **We** may not be sued by a person, corporation or entity insured by this policy unless there is full compliance by that same insured person, corporation or entity with all the terms of this policy.

21

**We** may not be sued for payment under Part I – Liability To Others until the obligation of an insured under Part I to pay is finally determined either by judgment against that insured after actual trial or by written agreement of the insured, the claimant, and **us**. No one will have any right to make **us** a party to a lawsuit to determine the liability of an insured.

5. **Our Recovery Rights**

   In the event of any payment under this policy, **we** are entitled to all the rights of recovery of the person or organization to whom payment was made. That person or organization must sign and deliver to **us** any legal papers relating to that recovery, do whatever else is necessary to help **us** exercise those rights, and do nothing after the **loss** or **accident** to harm **our** rights.

   When a person has been paid damages by **us** under this policy and also recovers from another, the amount recovered from the other shall be held in trust for **us** and reimbursed to **us** to the extent of **our** payment, provided that the person to or on behalf of whom such payment is made is fully compensated for their **loss**.

   In the event recovery has already been made from the responsible party, any rights to recovery by the person(s) claiming coverage under this policy no longer exist.

6. **Assignment**

   Interest in this policy may not be assigned without **our** written consent.

7. **Waiver**

   Notice to any agent or knowledge possessed by any agent or other person shall not change or effect a waiver on any portion of this policy nor prevent **us** from exercising any of **our** rights under this policy.

8. **Bankruptcy**

   **We** are not relieved of any obligation under this policy because of the bankruptcy or insolvency of an insured.

9. **Duty to Provide Premium Data**

   In order to calculate the premium owed to **us** on **your** policy, **you** are required to send **us** a monthly report with the data and information **we** require in order for **us** to calculate the premium owed for each monthly invoice. If **you** fail to provide **us** with a timely monthly report, **we**, at **our** sole discretion, may determine the premium owed to **us** for that monthly invoice using information **we** have in **our** possession.

22

Failure by **you** to provide **us** with a timely monthly report will be considered a failure to cooperate with **us** and a breach of the terms of this policy contract.

10. **Fraud or Misrepresentation**

This policy was issued in reliance upon information **you** provided to **us** and this policy is maintained based upon information **you** recurrently provide to **us**. **We** may void, cancel, or nonrenew this policy at any time, including after the occurrence of an **accident** or **loss**, if **you**:
1. made incorrect statements or representations to **us** with regard to any material fact or circumstance;
2. concealed or misrepresented any material fact or circumstance; or
3. engaged in fraudulent conduct;

in obtaining this policy or in the submission of information to **us** in a monthly report pertaining to premium data. This means that **we** will not be liable for any claims or damages that would otherwise be covered.

**We** may deny coverage to an insured for an **accident** or **loss** if **you** knowingly concealed or misrepresented any material fact or circumstance or engaged in fraudulent conduct in connection with the presentation or settlement of a claim. **We** reserve all rights to indemnity against a person committing fraud or misrepresentation for all payments made and costs incurred. Coverage may not be denied to **you** if **you** did not knowingly engage in the concealment, misrepresentation, or fraudulent conduct.

11. **Liberalization**

If **we** make a change that broadens a coverage **you** have under this edition of **your** policy without additional charge, **you** will receive the broadened coverage. The broadened coverage applies on the date the coverage change is implemented in Florida. This provision does not apply to a general program revision or **our** issuance of a subsequent edition of **your** policy. Otherwise, this policy can be changed only by endorsement issued by **us**.

12. **Severability**

Apart from certain exceptions for the Limit of Liability as described in this policy, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or lawsuit is brought.

13. **Settlement of Claims**

**We** may use estimating, appraisal, or injury evaluation systems to adjust claims under this policy and to determine the amount of damages, expenses, or loss payable under this policy. Such systems may be developed by **us** or a third party and may include computer software, databases, and specialized technology.

**14. Automatic Termination**

If **we** or an affiliate offers to renew or continue this policy and **you** or **your** representative does not accept, this policy will automatically terminate at the end of the current policy period at 12:01 a.m. Failure to pay the required renewal or continuation premium when due will mean that **you** have not accepted **our** offer.

If **you** obtain other similar insurance, **you** must advise **us** of the effective date and time **you** want this policy to terminate.

15. **Duty to Report Changes**

   **You** must promptly notify **us** when:
   1. A municipality, airport, or other governmental entity establishes a law or requirement that impacts the coverages or limits of this policy; or
   2. **You** make material changes to one or more **covered TNC operations** or **you** seek to include a new **transportation network company** program for coverage under this policy.

16. **Terms of Policy Conformed to Statutes**

   If any provision of this policy fails to conform to the applicable statutes as required by law, the provision shall be deemed amended to conform to such statutes. All other provisions shall be given full force and effect. Any disputes as to the coverages provided or the provisions of this policy shall be governed by Florida law.

17. **Cancellation and Nonrenewal**

   a. **Cancellation**

      **You** may cancel this policy by calling or writing **us**, and stating the future date that **you** wish the cancellation to be effective.

      **We** may cancel this policy by mailing a notice of cancellation to the named insured shown on the **declarations page** at the last known address appearing in **our** records. If **we** cancel this policy at any time due to nonpayment of premium, notice of cancellation will be mailed at least ten (10) days before the effective date of cancellation. If **we** cancel this policy due to any reason other than nonpayment of premium, notice will be mailed at least ninety (90) days before the effective date of cancellation.

      After this policy is in effect for more than sixty (60) days, or if this is a renewal or continuation policy, **we** may only cancel for one or more of the following reasons:

      1. **you** do not pay the required premium for this policy when due;

24

2. misrepresentation by **you** of any material fact in the procurement or renewal of this policy or in submission of any claim under this policy; or

3. any other reason specified by law.

**We** may not cancel coverage for property damage liability for nonpayment of premium within the first sixty (60) days of the initial policy period unless the reason for cancellation is the issuance of a check for the premium that is dishonored for any reason.

With respect to cancellation, this policy is neither severable nor divisible. Any cancellation will be effective for all coverage for all persons and all **autos**.

If this policy is canceled, coverage will not be provided as of the effective date and time shown in the notice of cancellation.

b. **Cancellation Refund**

If this policy is cancelled, **we** will compute all premiums owed to **us** or premiums refunded to **you** in accordance with **our** rules, rates, premium billing process, and the Duty to Provide Premium Data section of this policy.

The periodic reports **you** provide to **us** with actual miles driven and other premium data must continue to be provided to **us** after the cancellation date and will be used to determine the earned premium for the policy period prior to the cancellation date.

c. **Nonrenewal**

If **we** decide not to renew or continue this policy, **we** will mail notice of nonrenewal to the first named insured shown on the **declarations page** at the last known address appearing in **our** records. Notice will be mailed at least ninety (90) days before the end of the policy period.

If this policy is nonrenewed, **we** will compute all premiums owed to **us** or premiums refunded to **you** in accordance with **our** rules, rates, premium billing process, and the Duty to Provide Premium Data section of this policy.

d. **Proof of Notice**

Proof of mailing of any notice will be sufficient proof of notice.

18. **Settlement Release**

With respect to any claim made under Part III of this policy in which **we** reach a settlement with an **insured**, that **insured** must execute a release in the form **we** require.

19. **Same Element of Loss**

Where permitted by law, **we** will not pay for any amounts recoverable under this policy by the **TNC driver** where that **TNC driver** has received or is entitled to payment under any:

1. occupational accident insurance, but only with respect to **bodily injury** to the **TNC driver**; or
2. driver injury protection insurance, but only with respect to **bodily injury** to the **TNC driver**.

20. **Mediation**

Either **we** or **you** may request mediation of a claim for:

1. **bodily injury** in the amount of $10,000 or less under Part I—Liability To Others or Part III—Uninsured Motorist of this policy; or
2. **property damage** under Part I—Liability To Others or Part II—Damage To An Auto.

A demand for mediation shall be filed with the Florida Department of Financial Services on a form which may be obtained from the Department. The demand must state why mediation is being requested and the issue in dispute. A demand may not be made after suit has been filed relating to the same facts already mediated.

Only one mediation may be requested for each claim unless the parties agree to further mediation. The mediator shall be selected by the Department at random. Each party may reject one mediator selected by the Department, either before or after the other party has rejected a mediator. The mediation shall be conducted informally, and may be held by telephone if agreed to by the mediator and the parties. The date, time, and place of the mediation conference shall be set by the mediator and shall be held no later than 45 days following the demand for mediation. All persons participating in the mediation must have the authority to make a binding decision. All parties must act in good faith throughout the mediation. Disclosures and statements made during mediation shall not be deemed admissions in any subsequent action or proceeding relating to the claim or cause of action giving rise to the claim. The costs of mediation shall be shared equally by the parties unless the mediator determines that one party has not mediated in good faith. Any lawsuit regarding a mediated dispute must be filed as required under the "Limitations of Actions" statutes or within 60 days after the conclusion of the mediation process, whichever is later.



Z901 FL 0721