# EXHIBIT D

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

KARINA MONASTERIO,

    Plaintiffs,

vs.

UBER TECHNOLOGIES INC., a foreign corporation for profit; RASIER (FL), LLC, a foreign corporation for profit; and PROGRESSIVE EXPRESS INSURANCE COMPANY, a foreign corporation for profit.

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiff, KARINA MONASTERIO, and sues the Defendants, UBER TECHNOLOGIES INC., RASIER (FL) LLC, and PROGRESSIVE EXPRESS INSURANCE COMPANY, and alleges:

### JURISDICTION, VENUE, AND THE PARTIES

1. This is an action for damages in excess of $30,000.00 exclusive of interest and costs.

2. The Plaintiff is a resident of Broward County, Florida.

3. The Defendant, UBER TECHNOLOGIES INC., is a Delaware corporation for profit doing business in Broward County, FL with a Florida registered agent in Broward County, Florida.

4. The Defendant, RASIER (FL), LLC, is a Delaware limited liability company for profit doing business in Broward County, Florida with a Florida registered agent in Broward County, Florida.

5. The Defendant, PROGRESSIVE EXPRESS INSRUANCE COMPANY, is an Ohio corporation for profit, doing business in Florida with offices in Broward County, Florida.

6. Venue is proper in the 17th Judicial Circuit because the facts giving rise to this cause of action occurred in Broward County Florida and the Defendants each maintain offices in Broward County Florida.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

7. Defendants UBER and RASIER operate the Uber application, a "Transportation Network Company" (TNC) as defined by Florida Statutes section 627.748(1)(f) because UBER and RASIER use a digital network to connect a rider to a TNC driver, who provides prearranged rides.

8. Defendant PROGRESSIVE issued a "Transportation Network Company Commercial Auto Policy" to UBER and RAISER in effect in Florida for the policy period March 1, 2022 through March 1, 2023.

9. On May 6, 2022, the Plaintiff was a TNC driver as defined by Fla. Stat. §627.748(1)(g) because she received a connection to a potential rider and related services from UBER and RASIER, and in return for compensation, she used a vehicle she owned to provide a prearranged ride to a rider upon connection through a digital network.

10. When Plaintiff first became a TNC driver, she relied on the understanding that Defendants offered all insurance coverages required by law and relied on the understanding that Defendants provided her uninsured/underinsured motorist coverage.

11. On May 6, 2022, non-party Bradford Cavanaugh was a "rider" as defined by Fla. Stat. §627.748(1)(c) because he used the Uber app to connect with the Plaintiff in order to obtain a prearranged ride in the Plaintiff's vehicle between points chosen by Mr. Cavanaugh.

12. On May 6, 2022, the Plaintiff was engaged in a "prearranged ride" as defined by Fla. Stat. §627.748(1)(b) because she accepted the ride requested by Mr. Cavanaugh, who traveled from Ohio to South Florida, to transport him from Fort Lauderdale Airport to his chosen final destination in the South Florida area.

13. While Plaintiff was engaged in a prearranged ride traveling southbound on the express lane of I-95, non-party Michael Israel negligently lost control of his vehicle, spun through three lanes of traffic, and collide with Plaintiff's vehicle.

14. On May 6, 2022, Mr. Israel was underinsured.

15. Mr. Israel's negligence caused the Plaintiff catastrophic bodily injuries, resulting in a spinal cord injury, loss of use of her legs, over $350,000 in medical bills, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. These losses will continue into the future.

16. On May 6, 2022, Florida law required UBER, RASIER, and PROGRESSIVE, as their insurer to provide at least $1,000,000.00 in underinsured/uninsured motorists coverage to TNC drivers, such as the Plaintiff, while the TNC driver is engaged in a prearranged ride. See. Fla. Stat. §627.748(7)(c)c.

17. Florida law specifically requires that ". . . the insurance maintained by the TNC **must** provide the coverage required under this subsection, beginning with the first dollar amount of the claim, and have a duty to defend such claim." Fla. Stat. §627.748(7)(d).

18. TNC drivers, such as the Plaintiff, have the ability to check the status of the coverages offered by the Defendants using the Uber app. In May 2022, the app displayed a PROGRESSIVE "Certificate of Insurance" which did not indicate uninsured/underinsured motorist coverage was rejected. See Figure 1.



Figure 1- PROGRESSIVE Certificate without UM/UIM rejection notice.

19. After the collision, Plaintiff sent insurance disclosure requests to each Defendant. The responses provided certificates of insurance claiming that UBER and RASIER rejected UM/UIM insurance coverage in Florida. These responses differ from Defendant's public statements available to users through the Uber app.

20. In their post-collision insurance disclosure response, Defendants also disclosed the following language of policy No. 06250110, which includes the following coverages: PART III- Uninsured Motorist- "… we will pay for damages, other than punitive or exemplary damages, that an insured is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury: 1. Sustained by an insured; 2. Caused by an accident occurring while the TNC driver is engaged in providing a prearranged service; and 3. Arising out of the ownership, maintenance, or use of an uninsured auto. The bodily injury must be a serious injury as described in section 627.737(2) of the Florida Motor Vehicle No-Fault Law, as amended, before we will pay for damages consisting of pain, suffering, mental anguish, or inconvenience."

21. After the collision, Plaintiff sent a request for Pre-Arbitration Mediation to the Defendants, requesting to meet with representatives of the Defendants to resolve the parties' dispute.

22. The Defendants failed to respond to this request and failed to abide by the terms of UBER and RASIER's agreements with the Plaintiff.

23. After the collision, Defendants provided the Plaintiff with a document titled "Florida Rejection or Selection of Uninsured Motorist Coverage and Stacked of Non-Stacked Limits" and signed by UBER's "Head of North America Insurance" Amy E. Wagner.

24. This rejection is not valid because it is expressly contradicted by the plain language of Fla. Stat. §627.748(7)(c)c and §627.748(7)(d).

25. In July, 2022, PROGRESSIVE informed Plaintiff that it denied Plaintiff's claim for insurance coverage for the loses sustained in the May 6, 2022 collision.

## COUNT I BREACH OF CONTRACT
**Plaintiff re-alleges paragraphs 1-25, and further alleges:**

26. On May 6, 2022, Plaintiff was covered by a policy of uninsured motorist insurance coverage issued by PROGRESSIVE under Policy Number 06250110 issued to UBER and RASIER. The Certificate of Insurance is included in Figure 1 to this Complaint. The full Policy of Insurance is incorporated by reference to this Complaint.

27. Defendant PROGRESSIVE has breached the aforementioned policy of insurance by refusing and failing to pay adequate benefits to the Plaintiff for her losses.

WHEREFORE, the Plaintiff, KARINA MONASTERIO, demands judgment for damages against the Defendant, PROGRESSIVE EXPRESS INSRUANCE COMPANY, including costs, interests, and attorney's fees, and furthermore demands trial by Jury of all issues triable as of right.

## COUNT II-NEGLIGENT MISREPRESENATION
**Plaintiff re-alleges paragraphs 1-25, and further alleges:**

28. Defendants, UBER, RASIER, and PROGRESSIVE, published and disseminated a "Certificate of Insurance" (Figure 1) which did not disclose that UM/UIM coverage was rejected to the Plaintiff.

29. Additionally, UBER and RASIER stated in the Uber app that drivers were protected by Uninsured/Underinsured motorist coverage with coverage limits varying by state, as noted above, the required coverage limits in Florida are $1,000,000.

30. At the time Defendants made these statements, Defendants failed to use due care in ascertaining whether these facts are true.

31. Defendants made these statements with the intention Plaintiff rely on the representations and agree to be a TNC Driver for Defendants UBER and RASIER.

32. Plaintiff relied on these representations when agreeing to be a TNC Driver for Defendants UBER and RASIER.

33. As a result of Plaintiffs' reliance on Defendant's false statements, Plaintiffs suffered bodily injury, medical bills, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money, embarrassment, humiliation, and emotional distress.  These losses are permanent and will continue in the future.

WHEREFORE, the Plaintiff, KARINA MONASTERIO, demands judgment for damages against the Defendants, UBER TECHNOLOGIES INC., RASIER (FL) LLC, PROGRESSIVE EXPRESS INSRUANCE COMPANY, including costs, interests, and attorney's fees, and furthermore demands trial by Jury of all issues triable as of right.

**COUNT III - DECLARATORY JUDGMENT FOR VIOLATION OF FLA. STAT. §727.748**
**Plaintiff re-alleges paragraphs 1-25, and further alleges:**

34. Florida Statues grants Plaintiff a right to receive uninsured/underinsured motorist coverage from UBER, RASIER, and PROGRESSIVE, and requires the Defendants to provide that coverage.

35. Plaintiff's and Defendants have an actual controversy, because Defendants have refused to provide uninsured/underinsured motorist insurance benefits as required by Fla. Stat §627.748.

36. Plaintiff is in doubt regarding her rights, and the Defendants'' obligations, under the PROGRESSIVE insurance policy No. 06250110.

37. Plaintiff is also in doubt and her rights, and the Defendants' obligations, under her contract with UBER and RASIER. Plaintiff is not in possession of this agreement.

38. Both the PROGRESSIVE insurance policy and the UBER and RASIER contract are affected by Fla. Stat. §627.748.

39. Plaintiff requests this Court determine the validity, construction, and application of Fla. Stat §627.748 to her rights under the PROGRESSIVE insurance policy and the UBER and RASIER agreements, and determine the obligations of the Defendants.

WHEREFORE, the Plaintiff, KARINA MONASTERIO, demands a declaration against the Defendants, UBER TECHNOLOGIES INC., RASIER (FL) LLC, PROGRESSIVE EXPRESS INSRUANCE COMPANY declaring that:

1. The Defendants have violated Fla. Stat §627.748 and its subparts;
2. The Plaintiff is entitled to receive uninsured/underinsured motorist coverage from the Defendants and the Defendants are required to provide that coverage;
3. PROGRESSIVE policy No. 06250110 provides uninsured/underinsured motorist coverage to the Plaintiff; and
4. Issue any monetary relief this Court deems just and proper including costs, interests, and attorney's fees.

Plaintiff furthermore demands trial by Jury of all issues triable as of right.

Dated this 17th day of August, 2022.

                                             Respectfully submitted,

                                             ROBERTS, P.A.
*Co-Counsel for Plaintiffs*
113 Almeria Avenue
Coral Gables, Florida 33134
Tel: 305-442-1700
Fax: 305-442-2559
Email: roberts@robertspa.com

By: /s/ H. Clay Roberts
    H. CLAY ROBERTS, ESQ.
    Fla. Bar No.: 262307

        -AND-

FORNARIS LAW FIRM, P.A.
*Co-Counsel for Plaintiff*s
65 Almeria Avenue
Coral Gables, Florida 33134
Telephone No.: 305-442-4899
Facsimile No.: 305-442-8181
E-Mail: mfornaris@fornaris.com

By:   s/: Martha D. Fornaris
    MARTHA D. FORNARIS, ESQ.
    Florida Bar No. 405116