UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:23-cv-61354

PROGRESSIVE EXPRESS INSURANCE COMPANY,

        Plaintiff,

vs.

RASIER-DC, LLC, a foreign limited liability company, UBER TECHNOLOGIES INC., a foreign corporation; and KARINA MONASTERIO, individually,

        Defendants.

_____/

**DEFENDANTS RASIER-DC, LLC AND UBER TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Defendants Rasier-DC, LLC ("Rasier") and Uber Technologies, Inc. ("Uber"), by and through their undersigned counsel, file their Answer and Affirmative Defenses to Plaintiff's Amended Complaint for Declaratory Judgment (D.E. 12) as follows:

**Parties**

1. Admitted.

2. Admitted that Rasier-DC, LLC is a foreign limited liability company organized under the laws of Delaware and with its principal place of business located in San Francisco.

3. Admitted that Rasier-DC, LLC is a wholly-owned subsidiary of Rasier, LLC. Rasier, LLC is the sole member of Rasier-DC, LLC. Rasier, LLC is a wholly-owned subsidiary of Uber Technologies, Inc. Uber Technologies, Inc. is the sole member of Rasier, LLC.

4. Admitted that Uber Technologies, Inc. is a corporation organized under the laws of Delaware and with its principal place of business located in San Francisco.

5. Without knowledge to admit or deny the allegations.

**Jurisdiction and Venue**

6. Admitted for jurisdictional purposes.

7. Admitted for jurisdictional purposes.

**Florida's TNC Statute**

8. Admitted.

9. Admitted that Fla. Stat. 627.748 speaks for itself as to its terms and conditions.

10. Admitted that Fla. Stat. 627.748 speaks for itself as to its terms and conditions.

**Florida's UM/UIM Statute**

11. Admitted that Flat. Stat. 627.748 speaks for itself as to its terms and conditions.

12. Admitted that Flat. Stat. 627.748 speaks for itself as to its terms and conditions.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted that Fla. Stat. 627.727(1) speaks for itself.

17. Admitted.

18. Admitted.

19. Admitted.

**The Policy**

20. Admitted that Rasier-DC, LLC is a Transportation Network Company under Florida law.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

**The May 6, 2022 Incident**

34. Without knowledge to admit or deny the allegations.

35. Admitted.

36. Admitted.

37. Without knowledge to admit or deny the allegations.

38. Without knowledge to admit or deny the allegations.

39. Without knowledge to admit or deny the allegations.

**Monasterio's Subsequent Lawsuit**

40. Admitted to the extent paragraph 40 contains a summary of the allegations of the plaintiff in the underlying lawsuit, which speak for themselves.

41. Admitted to the extent paragraph 41 contains a summary of the allegations of the plaintiff in the underlying lawsuit, which speak for themselves.

42. Admitted to the extent paragraph 42 contains a summary of the allegations of the plaintiff in the underlying lawsuit, which speak for themselves.

43. Admitted to the extent paragraph 43 contains a summary of the allegations of the plaintiff in the underlying lawsuit, which speak for themselves.

44. Admitted to the extent paragraph 44 contains a summary of the allegations of the plaintiff in the underlying lawsuit, which speak for themselves.

45. Admitted to the extent paragraph 45 contains a summary of the allegations of the plaintiff in the underlying lawsuit, which speak for themselves.

46. Admitted to the extent paragraph 46 contains a summary of the allegations of the plaintiff in the underlying lawsuit, which speak for themselves.

### COUNT I –CLAIM FOR DECLATATORY JUDGMENT
### (No Obligation for Progressive to Provide UM/UIM Coverage Under TNC Statute)

47. Rasier and Uber readopt and incorporate by reference all of their answers to paragraphs 1 through, 46 herein.

48. Admitted.

49. Admitted subject to the terms of the statute which speak for themselves.

50. Admitted that the TNC Statute requires TNCs to maintain auto policies pursuant to its terms. Defendants deny that the TNC Statute requires TNCs to "provide" uninsured and underinsured motorist coverage.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted and stated that Progressive's contentions speak for themselves.

57. Admitted and stated that Progressive's contentions speak for themselves.

58. Admitted and stated that Progressive's contentions speak for themselves.

59. Admitted.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. There is no factual information in paragraph 64 for Defendants to either admit or deny; rather, this paragraph sets forth Progressive's position as to the purpose for its lawsuit.

As to the unnumbered wherefore clause following paragraph 64, including subparts (a) through (c), there is no factual information in this paragraph for Defendants to either admit or deny; rather, this paragraph sets forth Progressive's position as to the purpose for its lawsuit.

### COUNT II – CLAIM FOR DECLARATORY JUDGMENT
(No UM/UIM Coverage by Operation of 627.727(2)

65. Rasier and Uber readopt and incorporate by reference all of the answers to paragraphs 1 through, 46 herein.

66. Rasier and Uber readopt and incorporate by reference all of the answers to paragraphs 45 through 66 and 67, herein.

67. Admitted.

68. Admitted.

69. Admitted subject to the terms and conditions of the policy which speak for themselves.

70. Admitted subject to the terms and conditions of the policy which speak for themselves.

71. Admitted and stated that Progressive's contentions speak for themselves.

72. Admitted and stated that Progressive's contentions speak for themselves.

73. Admitted and stated that Progressive's contentions speak for themselves.

74. Admitted and stated that Progressive's contentions speak for themselves.

75. Admitted.

76. Admitted.

77. Admitted.

78. Admitted.

79. Admitted.

80. There is no factual information in paragraph 80 for Defendants to either admit or deny; rather, this paragraph sets forth Progressive's position as to the purpose for its lawsuit.

As to the unnumbered wherefore clause following paragraph 80, including subparts (a) through (f), there is no factual information in this paragraph for Defendants to either admit or deny; rather, this paragraph sets forth Progressive's position as to the purpose for its lawsuit.

## COUNT III –CLAIM FOR DECLARATORY JUDGMENT
(No UM/UIM Coverage by Operation of 627.727(1))
(In the Alternative to Count II)

81.     Rasier and Uber readopt and incorporate by reference all of the answers to paragraphs 1 through, 46, herein.

82.     Rasier and Uber readopt and incorporate by reference all of the answers to paragraphs 45 through 66 and 67, herein.

83.     Admitted.

84.     Admitted.

85.     Admitted.

86.     Admitted and stated that Progressive's contentions speak for themselves.

87.     Admitted and stated that Progressive's contentions speak for themselves.

88.     Admitted and stated that Progressive's contentions speak for themselves.

89.     Admitted and stated that Progressive's contentions speak for themselves.

90.     Admitted.

91.     Admitted.

92.     Admitted.

93.     Admitted.

94.     Admitted.

95.     There is no factual information in paragraph 95 for Defendants to either admit or deny; rather, this paragraph sets forth Progressive's position as to the purpose for its lawsuit.

As to the unnumbered wherefore clause following paragraph 95, including subparts (a) through (f), there is no factual information in this paragraph for Defendants to either admit or deny; rather, this paragraph sets forth Progressive's position as to the purpose for its lawsuit.

## COUNT IV –CLAIM FOR DECLARATORY JUDGMENT
(No UM/UIM Coverage by Operation of 627.727(1))
(In the Alternative to Counts II and III)

96. Rasier and Uber readopt and incorporate by reference all of the answers to paragraphs 1 through, 46 herein.

97. Rasier and Uber readopt and incorporate by reference all of the answers to paragraphs 45 through 66 and 67, herein.

98. Admitted.

99. Admitted.

100. Admitted.

101. Admitted and stated that Progressive's contentions speak for themselves.

102. Admitted and stated that Progressive's contentions speak for themselves.

103. Admitted and stated that Progressive's contentions speak for themselves.

104. Admitted and stated that Progressive's contentions speak for themselves.

105. Admitted.

106. Admitted.

107. Admitted.

108. Admitted.

109. Admitted.

110. There is no factual information in paragraph 110 for Defendants to either admit or deny; rather, this paragraph sets forth Progressive's position as to the purpose for its lawsuit.

As to the unnumbered wherefore clause following **paragraph 110**, including subparts (a) through (f), there is no factual information in this paragraph for Defendants to either admit or deny; rather, this paragraph sets forth Progressive's position as to the purpose for its lawsuit.

Dated: August 18, 2023        Respectfully submitted,

*/s/ Veresa Jones Adams*
VERESA JONES ADAMS, ESQ.
Florida Bar No.0709301
ROIG LAWYERS
1245 S. Military Trail, Suite 100
Deerfield Beach, FL 33442
Telephone: (954) 246-5385
Facsimile: (954) 462-7798
vadams@RoigLawyers.com
*Attorneys for Uber Technologies, Inc. and Raiser-DC, LLC*

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing has been furnished electronically on this 21st day of August 2023, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Veresa Jones Adams*
VERESA JONES ADAMS, ESQ

## SERVICE LIST

Patrick K. Dahl, Esq.
Morgan & Akins
501 E. Las Olas Blvd., Suite 300
Fort Lauderdale, FL 33301
pdahl@morganakins.com
*Attorney for Progressive Express Insurance Company*

Javier Basneuvo, Esq.
Fornaris Law Firm, P.A.
65 Almeria Avenue
Coral Gables, FL 33134
basnuevo@robertspa.com
*Attorney for Karina Monasterio*