UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-cv-61354

PROGRESSIVE EXPRESS INSURANCE COMPANY,

    Plaintiff,

vs.

RASIER-DC, LLC, a foreign limited liability company; UBER TECHNOLOGIES, INC., a foreign corporation; and KARINA MONASTERIO, individually,

    Defendants.

_____/

## ANSWER, DEMAND FOR JURY TRIAL, AFFIRMATIVE DEFENSES, CROSSCLAIM, AND COUNTERCLAIM

COMES NOW KARINA ONASTERIO, and files her Answer to Progressive's Amended Complaint, Affirmative Defenses, Crossclaim, and Counterclaim, and states:

## ANSWER

1. Admitted.
2. Admitted
3. Admitted.
4. Admitted
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.

11. This paragraph states a legal conclusion to which no response is required, however, to the exent a response is required- Denied.
12. This paragraph states a legal conclusion to which no response is required, however, to the exent a response is required- Denied.
13. This paragraph states a legal conclusion to which no response is required, however, to the exent a response is required- Denied.
14. This paragraph states a legal conclusion to which no response is required, however, to the exent a response is required- Denied.
15. This paragraph states a legal conclusion to which no response is required, however, to the exent a response is required- Denied.
16. This paragraph states a legal conclusion to which no response is required, however, to the exent a response is required- Denied.
17. This paragraph states a legal conclusion to which no response is required, however, to the exent a response is required- Denied.
18. This paragraph states a legal conclusion to which no response is required, however, to the exent a response is required- Denied.
19. This paragraph states a legal conclusion to which no response is required, however, to the exent a response is required- Denied.
20. Admitted.
21. Admitted
22. Denied.
23. Denied.
24. Denied.
25. Admitted.
26. Admitted.
27. Admitted.
28. Admitted.
29. Denied.
30. Denied that this form has the legal effect that Plaintiff claims, it is admitted that the reproduction in paragraph 29 is an accurate partial reproduction of the form.
31. Denied.

32. Denied.
33. Denied.
34. Admitted.
35. Admitted.
36. Admitted
37. Admitted.
38. Admitted.
39. Admitted.
40. Admitted.
41. Admitted.
42. Admitted.
43. Admitted.
44. Admitted.
45. Admitted.
46. Admitted.
47. MONASTERIO re-adopts and re-states her responses to paragraphs 1-46.
48. Admitted.
49. Admitted.
50. Admitted.
51. Denied.
52. Denied.
53. Denied.
54. Denied.
55. Denied.
56. Denied.
57. Denied.
58. Denied.
59. Admitted.
60. Admitted.
62. Admitted.
63. Admitted.

64. Admitted.
65. MONASTERIO re-adopts and re-states her responses to paragraphs 1-45.
66. MONASTERIO re-adopts and re-states her responses to paragraphs 46-65.
67. Admitted.
68. Admitted.
69. Denied.
70. Denied.
71. Denied.
72. Denied.
73. Denied.
74. Denied.
75. Admitted.
76. Admitted.
77. Admitted.
78. Admitted.
79. Admitted.
80. Admitted.
81. MONASTERIO re-adopts and re-states her responses to paragraphs 1-45.
82. MONASTERIO re-adopts and re-states her responses to paragraphs 46-65.
83. Admitted.
84. Denied.
85. Denied.
86. Denied.
87. Denied.
88. Denied.
89. Denied.
90. Admitted.
91. Admitted.
92. Admitted.
93. Admitted.
94. Admitted.

95. Admitted.
96. MONASTERIO re-adopts and re-states her responses to paragraphs 1-45.
97. MONASTERIO re-adopts and re-states her responses to paragraphs 46-65.
98. Admitted.
99. Denied.
100. Denied.
101. Denied.
102. Denied.
103. Denied.
104. Denied.
105. Admitted.
106. Admitted.
107. Admitted.
108. Admitted.
109. Admitted.
110. Admitted.

MONASTERIO Specifically denies the requests for relief stated in Plaintiffs "WHEREFORE" clauses.

## DEMAND FOR JURY TRIAL

KARINA MONASTERIO demands jury trial for all issues triable as of right.

## AFFIRMATIVE DEFENSES

1. Unclean Hands- the Plaintiff has unclean hands because it mislead MOASTERIO into believe that PROGRESSIVE offered UM/UIM insurance coverage though PROGRESSIVE's statements published through the UBER app which did not disclose that UBER/RASIER attempted to waive UM/UIM insurance coverage.  Additionally, PROGRESSIVE failed to send MONASTERIO any notice that alleged that UBER/RAISER had attempted to waive UM/UIM insurance coverage.

KARINA MONASTERIO,
    Defendant, cross-Plaintiff,
    and counter-plaintiff

vs.

UBER TECHNOLOGIES INC.,
a foreign corporation for profit,
cross-Defendant;
RASIER (DC), LLC,
a foreign corporation for profit,
cross-Defendant; and

PROGRESSIVE EXPRESS
INSURANCE COMPANY,
a foreign corporation for profit.
Counter-Defendants.

_____/

## COUNTERCLAIM/ CROSS CLAIM

KARINA MONASTERIO brings this cross claim against cross-defendants UBER TECHNOLOGIES, INC. and RAISER (DC), LLC, and counter-defendant, PRGRESSIVE EXPRESS INSURANCE COMPANY, and states

### JURISDICTION, VENUE, AND THE PARTIES

1. The Plaintiff is a resident of Broward County, Florida.

2. The Defendant, UBER TECHNOLOGIES INC., is a Delaware corporation for profit doing business in Broward County, FL with a Florida registered agent in Broward County, Florida.

3. The Defendant, RASIER (FL), LLC, is a Delaware limited liability company for profit doing business in Broward County, Florida with a Florida registered agent in Broward County, Florida.

4. The Defendant, PROGRESSIVE EXPRESS INSRUANCE COMPANY, is an Ohio corporation for profit, doing business in Florida with offices in Broward County, Florida.

5.      Venue is proper in the 17th Judicial Circuit because the facts giving rise to this cause of action occurred in Broward County Florida and the Defendants each maintain offices in Broward County Florida.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

6.      Defendants UBER and RASIER operate the Uber application, a "Transportation Network Company" (TNC) as defined by Florida Statutes section 627.748(1)(f) because UBER and RASIER use a digital network to connect a rider to a TNC driver, who provides prearranged rides.

7.      Defendant PROGRESSIVE issued a "Transportation Network Company Commercial Auto Policy" to UBER and RAISER in effect in Florida for the policy period March 1, 2022 through March 1, 2023.

8.      On May 6, 2022, the Plaintiff was a TNC driver as defined by Fla. Stat. §627.748(1)(g) because she received a connection to a potential rider and related services from UBER and RASIER, and in return for compensation, she used a vehicle she owned to provide a prearranged ride to a rider upon connection through a digital network.

9.      When Plaintiff first became a TNC driver, she relied on the understanding that Defendants offered all insurance coverages required by law and relied on the understanding that Defendants provided her uninsured/underinsured motorist coverage.

10.     On May 6, 2022, non-party Bradford Cavanaugh was a "rider" as defined by Fla. Stat. §627.748(1)(c) because he used the Uber app to connect with the Plaintiff in order to obtain a prearranged ride in the Plaintiff's vehicle between points chosen by Mr. Cavanaugh.

11.     On May 6, 2022, the Plaintiff was engaged in a "prearranged ride" as defined by Fla. Stat. §627.748(1)(b) because she accepted the ride requested by Mr. Cavanaugh, who traveled from Ohio to

South Florida, to transport him from Fort Lauderdale Airport to his chosen final destination in the South Florida area.

12. While Plaintiff was engaged in a prearranged ride traveling southbound on the express lane of I-95, non-party Michael Israel negligently lost control of his vehicle, spun through three lanes of traffic, and collide with Plaintiff's vehicle.

13. On May 6, 2022, Mr. Israel was underinsured.

14. Mr. Israel's negligence caused the Plaintiff catastrophic bodily injuries, resulting in a spinal cord injury, loss of use of her legs, over $350,000 in medical bills, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. These losses will continue into the future.

15. On May 6, 2022, Florida law required UBER, RASIER, and PROGRESSIVE, as their insurer to provide at least $1,000,000.00 in underinsured/uninsured motorists coverage to TNC drivers, such as the Plaintiff, while the TNC driver is engaged in a prearranged ride.  See. Fla. Stat. §627.748(7)(c)c.

16. Florida law specifically requires that ". . . the insurance maintained by the TNC **must** provide the coverage required under this subsection, beginning with the first dollar amount of the claim, and have a duty to defend such claim." Fla. Stat. §627.748(7)(d).

17. TNC drivers, such as the Plaintiff, have the ability to check the status of the coverages offered by the Defendants using the Uber app.  In May 2022, the app displayed a PROGRESSIVE "Certificate of Insurance" which did not indicate uninsured/underinsured motorist coverage was rejected. See Figure 1.



Figure 1- PROGRESSIVE Certificate without UM/UIM rejection notice.

18.     After the collision, Plaintiff sent insurance disclosure requests to each Defendant. The responses provided certificates of insurance claiming that UBER and RASIER rejected UM/UIM insurance coverage in Florida.  These responses differ from Defendant's public statements available to users through the Uber app.

19. In their post-collision insurance disclosure response, Defendants also disclosed the following language of policy No. 06250110, which includes the following coverages: PART III- Uninsured Motorist- "… we will pay for damages, other than punitive or exemplary damages, that an insured is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury: 1. Sustained by an insured; 2. Caused by an accident occurring while the TNC driver is engaged in providing a prearranged service; and 3. Arising out of the ownership, maintenance, or use of an uninsured auto. The bodily injury must be a serious injury as described in section 627.737(2) of the Florida Motor Vehicle No-Fault Law, as amended, before we will pay for damages consisting of pain, suffering, mental anguish, or inconvenience."

20. After the collision, Plaintiff sent a request for Pre-Arbitration Mediation to the Defendants, requesting to meet with representatives of the Defendants to resolve the parties' dispute.

21. The Defendants failed to respond to this request and failed to abide by the terms of UBER and RASIER's agreements with the Plaintiff.

22. After the collision, Defendants provided the Plaintiff with a document titled "Florida Rejection or Selection of Uninsured Motorist Coverage and Stacked of Non-Stacked Limits" and signed by UBER's "Head of North America Insurance" Amy E. Wagner.

23. This rejection is not valid because it is expressly contradicted by the plain language of Fla. Stat. §627.748(7)(c)c and §627.748(7)(d).

24. In July, 2022, PROGRESSIVE informed Plaintiff that it denied Plaintiff's claim for insurance coverage for the loses sustained in the May 6, 2022 collision.

**COUNT I - DECLARATORY JUDGMENT FOR VIOLATION OF FLA. STAT. §727.748**
**Plaintiff re-alleges paragraphs 1-25, and further alleges:**

25. Florida Statues grants Plaintiff a right to receive uninsured/underinsured motorist coverage from UBER, RASIER, and PROGRESSIVE, and requires the Defendants to provide that coverage.

26. Plaintiff's and Defendants have an actual controversy, because Defendants have refused to provide uninsured/underinsured motorist insurance benefits as required by Fla. Stat §627.748.

27. Plaintiff is in doubt regarding her rights, and the Defendants'' obligations, under the PROGRESSIVE insurance policy No. 06250110.

28. Plaintiff is also in doubt and her rights, and the Defendants' obligations, under her contract with UBER and RASIER. Plaintiff is not in possession of this agreement.

29. Both the PROGRESSIVE insurance policy and the UBER and RASIER contract are affected by Fla. Stat. §627.748.

30. Plaintiff requests this Court determine the validity, construction, and application of Fla. Stat §627.748 to her rights under the PROGRESSIVE insurance policy and the UBER and RASIER agreements, and determine the obligations of the Defendants.

WHEREFORE, the Plaintiff, KARINA MONASTERIO, demands a declaration against the Defendants, UBER TECHNOLOGIES INC., RASIER (FL) LLC, PROGRESSIVE EXPRESS INSRUANCE COMPANY declaring that:

1. The Defendants have violated Fla. Stat §627.748 and its subparts;
2. The Plaintiff is entitled to receive uninsured/underinsured motorist coverage from the Defendants and the Defendants are required to provide that coverage;
3. PROGRESSIVE policy No. 06250110 provides uninsured/underinsured motorist coverage to the Plaintiff; and
4. Issue any monetary relief this Court deems just and proper including costs, interests, and attorney's fees.

Plaintiff furthermore demands trial by Jury of all issues triable as of right.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing was filed with the cm/ecf on this 15th day of September, 2023 to: Patrick K. Dahl, Esq. Morgan & Akins.,501 E. Las Olas Blvd., Suite 300 Fort Lauderdale, FL 33301; pdahl@morganakins.com ; Veresa Jones Adams., ROIG LAWYERS., 1255 S. Military Trail, Suite 100, Deerfield Beach, FL 33442; liabilitypleadings@roiglawyers.com ; vadams@roiglawyers.com ; Martha D. Fornaris, Esq. Fornaris Law Firm, P.A. 65 Almeria Avenue, Coral Gables, FL 33134; mfornaris@fornaris.com

       ROBERTS & BASNUEVO, P.A.
       *Attorney for Plaintiff*
       113 Almeria Avenue
       Coral Gables, Fl 33134
       Telephone: 305-442-1700
       Fax: 305-442-2559
       E-Mail: basnuevo@robertspa.com
By: s/: Javier A. Basnuevo
       JAVIER A. BASNUEVO
       Fla. Bar No.: 100509