UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:23-cv-61354-kmm

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

        Plaintiff,

vs.

RASIER-DC, LLC A FOREIGN
LIMITED LIABILITY COMPANY;
UBER TECHNOLOGIES, INC., A
FOREIGN CORPORATION; AND
KARINA MONASTERIO,
INDIVIDUALLY,

        Defendants.
_____/

### DEFENDANTS RASIER-DC, LLC AND UBER TECHNOLOGIES, INC.'S ANSWER TO COUNTERCLAIM

Defendant/Counter-Defendants, Rasier-DC, LLC ("Rasier") and Uber Technologies, Inc. ("Uber"), by and through their undersigned counsel, Roig Lawyers, state by way of Answer to the Counterclaim/Cross-Claim ("Complaint") filed by Defendant/Counter-Plaintiff, Karina Monasterio ("Monasterio) [DE 22], as follows:

### JURISDICTION, VENUE, AND THE PARTIES

1. The Plaintiff is a resident of Broward County, Florida.

**ANSWER:** **Admitted.**

2. The Defendant, UBER TECHNOLOGIES INC., is a Delaware corporation for profit doing business in Broward County, FL with a Florida registered agent in Broward County, Florida.

**ANSWER:** **Admitted that Uber Technologies, Inc. is a corporation organized under the laws of Delaware and with its principal place of business located in San Francisco.**

3. The Defendant, RASIER (FL), LLC, is a Delaware limited liability company for profit doing business in Broward County, Florida with a Florida registered agent in Broward County, Florida.

**ANSWER:** **Admitted that Rasier-DC, LLC is a foreign limited liability company organized under the laws of Delaware and with its principal place of business located in San Francisco.**

4. The Defendant, PROGRESSIVE EXPRESS INSURANCE COMPANY, is an Ohio corporation for profit, doing business in Florida with offices in Broward County, Florida.

**ANSWER:** **Without knowledge to admit or deny the allegations.**

5. Venue is proper in the 17th Judicial Circuit because the facts giving rise to this cause of action occurred in Broward County Florida and the Defendants each maintain offices in Broward County Florida.

**ANSWER:** **Admitted for jurisdictional purposes.**

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

6. Defendants UBER and RASIER operate the Uber application, a "Transportation Network Company" (TNC) as defined by Florida Statutes section 627.748(1)(f) because UBER and RASIER use a digital network to connect a rider to a TNC driver, who provides prearranged rides.

**ANSWER:** **Admitted that Rasier-DC, LLC is a Transportation Network Company in Florida. Admitted that Flat. Stat. 627.748 speaks for itself as to its terms and conditions.**

7. Defendant PROGRESSIVE issued a "Transportation Network Company Commercial Auto Policy" to

UBER and RAISER in effect in Florida for the policy period March 1, 2022 through March 1, 2023.

**ANSWER:** **Admitted that Progressive issued a "Transportation Network Company Commercial Auto Policy" to Defendant/Cross-Defendant, Raiser-DC, LLC, as a named insured and that Uber Technologies, Inc. was an additional insured, subject to the terms and conditions of the policy which speak for themselves. Defendants deny the remaining allegations contained at paragraph 7, as phrased.**

8. On May 6, 2022, the Plaintiff was a TNC driver as defined by Fla. Stat. §627.748(1)(g) because she received a connection to a potential rider and related services from UBER and RASIER, and in return for compensation, she used a vehicle she owned to provide a prearranged ride to a rider upon connection through a digital network.

**ANSWER:** **The allegations contained in paragraph 8 of the Complaint constitute legal conclusions such that no response is required. To the extent, the allegations contained in paragraph 8 of the Complaint require a response, Defendants deny the allegations as phrased and contained in paragraph 8 and demand strict proof thereof. Defendants admit that Rasier-DC, LLC is a Transportation Network Company in Florida.**

9. When Plaintiff first became a TNC driver, she relied on the understanding that Defendants offered all insurance coverages required by law and relied on the understanding that Defendants provided her uninsured/underinsured motorist coverage.

**ANSWER:** **Defendants deny the allegations in paragraph 9 and demand strict proof thereof.**

10. On May 6, 2022, non-party Bradford Cavanaugh was a "rider" as defined by Fla. Stat. §627.748(1)(c) because he used the Uber app to connect with the Plaintiff in order to obtain a prearranged ride in the Plaintiff's vehicle between points chosen by Mr. Cavanaugh.

**ANSWER:** **The allegations contained in paragraph 10 of the Complaint constitute legal conclusions such that no response is required. To the extent, the allegations contained in paragraph 10 of the Complaint are directed at and/or construed against Defendants, Defendants deny the allegations as phrased and contained in paragraph 10 and demand strict proof thereof.**

> 11. On May 6, 2022, the Plaintiff was engaged in a "prearranged ride" as defined by Fla. Stat. §627.748(1)(b) because she accepted the ride requested by Mr. Cavanaugh, who traveled from Ohio to South Florida, to transport him from Fort Lauderdale Airport to his chosen final destination in the South Florida area.

**ANSWER:** **The allegations contained in paragraph 11 of the Complaint constitute legal conclusions such that no response is required. To the extent, the allegations contained in paragraph 11 of the Complaint are directed at and/or construed against Defendants, Defendants deny the allegations as phrased and contained in paragraph 11 and demand strict proof thereof.**

> 12. While Plaintiff was engaged in a prearranged ride traveling southbound on the express lane of I-95, non-party Michael Israel negligently lost control of his vehicle, spun through three lanes of traffic, and collide with Plaintiff's vehicle.

**ANSWER:** **Defendant admits that Michael Israel lost control of his vehicle, spun through three lanes of traffic, and collided with Monasterio's vehicle. Further responding, the allegations contained in paragraph 12 of the Complaint constitute legal conclusions such that no response is required. To the extent, the allegations contained in paragraph 12 of the Complaint are directed at and/or construed against Defendants, Defendants deny the allegations as phrased and contained in paragraph 12 and demand strict proof thereof**.

> 13. On May 6, 2022, Mr. Israel was underinsured.

**ANSWER:** **Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 13 and therefore deny same and demand strict proof thereof.**

> 14. Mr. Israel's negligence caused the Plaintiff catastrophic bodily injuries, resulting in a spinal cord injury, loss of use of her legs, over $350,000 in medical bills, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. These losses will continue into the future.

**ANSWER:** **Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 14 but deny that they are liable to plaintiff for any tortious conduct, and Defendants further deny all remaining allegations contained in paragraph 14 that are specifically, or intended to be, directed at Defendants.**

> 15. On May 6, 2022, Florida law required UBER, RASIER, and PROGRESSIVE, as their insurer to provide at least $1,000,000.00 in underinsured/uninsured motorists coverage to TNC drivers, such as the Plaintiff, while the TNC driver is engaged in a prearranged ride. See. Fla. Stat. §627.748(7)(c)c.

**ANSWER:** **Defendants deny the allegations in paragraph 15 and demand strict proof thereof**.

> 16. Florida law specifically requires that ". . . the insurance maintained by the TNC must provide the coverage required under this subsection, beginning with the first dollar amount of the claim, and have a duty to defend such claim." Fla. Stat. §627.748(7)(d).

**ANSWER:** **Admitted that the statute speaks for itself.**

> 17. TNC drivers, such as the Plaintiff, have the ability to check the status of the coverages offered by the Defendants using the Uber app. In May 2022, the app displayed a PROGRESSIVE "Certificate of Insurance" which did not indicate uninsured/underinsured motorist coverage was rejected. See Figure 1. (Figure omitted)

**ANSWER:** **Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 17 and therefore deny same and demand strict proof thereof**.

18. After the collision, Plaintiff sent insurance disclosure requests to each Defendant. The responses provided certificates of insurance claiming that UBER and RASIER rejected UM/UIM insurance coverage in Florida. These responses differ from Defendant's public statements available to users through the Uber app.

**ANSWER:** **The allegations contained in paragraph 18 of the Complaint constitute legal conclusions such that no response is required. To the extent, the allegations contained in paragraph 18 of the Complaint are directed at and/or construed against Defendants, Defendants deny the allegations as phrased and contained in paragraph 18 and demand strict proof thereof**.

19. In their post-collision insurance disclosure response, Defendants also disclosed the following language of policy No. 06250110, which includes the following coverages: PART III- Uninsured Motorist- "… we will pay for damages, other than punitive or exemplary damages, that an insured is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury: 1. Sustained by an insured; 2. Caused by an accident occurring while the TNC driver is engaged in providing a prearranged service; and 3. Arising out of the ownership, maintenance, or use of an uninsured auto. The bodily injury must be a serious injury as described in section 627.737(2) of the Florida Motor Vehicle No-Fault Law, as amended, before we will pay for damages consisting of pain, suffering, mental anguish, or inconvenience."

**ANSWER:** **The allegations contained in paragraph 19 of the Complaint constitute legal conclusions such that no response is required. To the extent, the allegations contained in paragraph 19 of the Complaint are directed at and/or construed against Defendants, Defendants deny the allegations as phrased and contained in paragraph 19 and demand strict proof thereof**.

20. After the collision, Plaintiff sent a request for Pre-Arbitration Mediation to the Defendants, requesting to meet with representatives of the Defendants to resolve the parties' dispute.

**ANSWER:** **Defendants deny the allegations in paragraph 20 and demand strict proof thereof**.

21. The Defendants failed to respond to this request and failed to abide by the terms of UBER and RASIER's agreements with the Plaintiff.

**ANSWER:** **Defendants deny the allegations in paragraph 21 and demand strict proof thereof**.

22. After the collision, Defendants provided the Plaintiff with a document titled "Florida Rejection or Selection of Uninsured Motorist Coverage and Stacked of Non-Stacked Limits" and signed by UBER's "Head of North America Insurance" Amy E. Wagner.

**ANSWER:** **The allegations contained in paragraph 22 of the Complaint are not directed toward these Defendants. To the extent, the allegations contained in paragraph 22 of the Complaint are directed at and/or construed against Defendants, Defendants deny the allegations as phrased and contained in paragraph 22 and demand strict proof thereof.**

23. This rejection is not valid because it is expressly contradicted by the plain language of Fla. Stat. §627.748(7)(c)c and §627.748(7)(d).

**ANSWER:** **Defendants deny the allegations in paragraph 23 and demand strict proof thereof**.

24. In July, 2022, PROGRESSIVE informed Plaintiff that it denied Plaintiff's claim for insurance coverage for the loses (sic) sustained in the May 6, 2022 collision.

**ANSWER:** **The allegations contained in paragraph 24 of the Complaint are not directed toward these Defendants. To the extent, the allegations contained in paragraph 24 of the Complaint are directed at and/or construed against Defendants, Defendants deny the allegations as phrased and contained in paragraph 24 and demand strict proof thereof**.

**COUNT I - DECLARATORY JUDGMENT FOR VIOLATION OF FLA. STAT. §727.748**

Plaintiff re-alleges paragraphs 1-25, and further alleges:

**ANSWER:** Defendants readopt and incorporate by reference their answers to paragraphs 1 through 24, above (paragraph 25 has not been alleged yet), as and for its answer to this paragraph of this Count I as though fully set forth herein.

25. Florida Statues (sic) grants Plaintiff a right to receive uninsured/underinsured motorist coverage from UBER, RASIER, and PROGRESSIVE, and requires the Defendants to provide that coverage.

**ANSWER:** **The allegations contained in paragraph 25 of the Complaint constitute legal conclusions such that no response is required. To the extent, the allegations contained in paragraph 25 of the Complaint are directed at and/or construed against Defendants, Defendants deny the allegations as phrased and contained in paragraph 25 and demand strict proof thereof**.

26. Plaintiff and Defendants have an actual controversy, because Defendants have refused to provide uninsured/underinsured motorist insurance benefits as required by Fla. Stat §627.748.

**ANSWER:** **Admitted to the extent an actual controversy exists but Defendants deny the allegations as phrased and contained in paragraph 26 and demand strict proof thereof.**

27. Plaintiff is in doubt regarding her rights, and the Defendants' obligations, under the PROGRESSIVE insurance policy No. 06250110.

**ANSWER:** **Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 27 and therefore deny same and demand strict proof thereof**.

28. Plaintiff is also in doubt and her rights, and the Defendants' obligations, under her contract with UBER and RASIER. Plaintiff is not in possession of this agreement.

**ANSWER:** **Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 28 and therefore deny same and demand strict proof thereof**.

29. Both the PROGRESSIVE insurance policy and the UBER and RASIER contract are affected by Fla. Stat. §627.748.

**ANSWER:** **The allegations contained in paragraph 29 of the Complaint constitute legal conclusions such that no response is required. To the extent, the allegations contained in paragraph 29 of the Complaint are directed at and/or construed against Defendants, Defendants deny the allegations as phrased and contained in paragraph 29 and demand strict proof thereof**.

30. Plaintiff requests this Court determine the validity, construction, and application of Fla. Stat §627.748 to her rights under the PROGRESSIVE insurance policy and the UBER and RASIER agreements, and determine the obligations of the Defendants.

**ANSWER:** **Denied as phrased. Responding further, the allegations contained in paragraph 30 of the Complaint constitute legal conclusions such that no response is required. To the extent, the allegations contained in paragraph 30 of the Complaint are directed at and/or construed against Defendants, Defendants deny the allegations as phrased and contained in paragraph 30 and demand strict proof thereof**.

WHEREFORE, Defendant/Counter-Defendants, Rasier-DC, LLC and Uber Technologies, Inc., deny that Defendant/Counter-Plaintiff is entitled to any relief or declaration concerning the terms or conditions of the Policy, and, therefore, prays that this Court enters judgment in their favor, and against Defendant/Counter-Plaintiff, Karina Monasterio.

Dated:  October 20, 2023                                Respectfully submitted,

                                                                    */s/ Veresa Jones Adams*
                                                                    VERESA JONES ADAMS, ESQ.
                                                                    Florida Bar No.0709301
                                                                    ROIG LAWYERS
                                                                    1245 S. Military Trail, Suite 100
                                                                    Deerfield Beach, FL 33442
                                                                    Telephone: (954) 246-5385
                                                                    Facsimile: (954) 462-7798
                                                                    Pleadings@RoigLawyers.com
                                                                    *Attorneys for Uber Technologies, Inc. and Raiser-DC, LLC*

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing has been furnished electronically on this 20th day of October 2023, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

                                                                    */s/ Veresa Jones Adams*
                                                                    VERESA JONES ADAMS, ESQ

## Service List

Patrick K. Dahl, Esq.
Morgan & Akins
501 E. Las Olas Blvd., Suite 300
Fort Lauderdale, FL 33301
pdahl@morganakins.com
*Attorney for Progressive Express Insurance Company*

Javier Basneuvo, Esq.
Fornaris Law Firm, P.A.
65 Almeria Avenue
Coral Gables, FL 33134
basnuevo@robertspa.com
*Attorney for Karina Monasterio*