UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-cv-61354

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

    Plaintiff,

vs.

RASIER-DC, LLC, a foreign limited liability company; UBER TECHNOLOGIES, INC., a foreign corporation; and KARINA MONASTERIO, individually,

    Defendants.
_____/

## **PROGRESSIVE'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff/Counter-Defendant, Progressive Express Insurance Company ("Progressive"), by and through its attorneys, Morgan & Akins, PLLC, in accordance with Rules 7.1 and 56.1 of the Local Rules for the United States District Court for the Southern District of Florida, moves this court pursuant to Rule 56 of the Federal Rules of Civil Procedure, for the entry of final summary judgment: (i) in its favor and against the Defendants, Rasier-DC, LLC ("Rasier"), Uber Technologies, Inc. ("Uber"), and Karrina Monasterio ("Monasterio"), in connection with claims asserted in its "Amended Complaint for Declaratory Judgment," [DE 12]; (ii) in its favor and against the Counter-Plaintiff, Monasterio, with respect to all claims asserted in her "Answer, Demand for Jury Trial, Affirmative Defenses, Crossclaim, and Counterclaim," [DE 22]; and (iii) for the entry of a final judgment declaring Progressive's rights, duties and obligations with respect to the policy involved as further set forth, below. In support thereof, Progressive states as follows:

1. On July 26, 2023, Progressive filed the operative "Amended Complaint for Declaratory Judgment," [DE 12], in which it sought a declaration concerning its rights, duties and obligations under an insurance policy issued to Rasier, for which Uber Technologies was a named additional insured, and pursuant to which Monasterio was seeking uninsured/under insured motorist coverage and benefits ("UM/UIM Coverage"). [DE 12].

2. In particular, Progressive sought a declaration that: (i) Florida's TNC Statute, Fla. Stat. § 627.748 did not preclude an insured from rejecting or an insurer from not providing UM/UIM Coverage; (ii) the insurance policy issued by Progressive did not provide UM/UIM Coverage; (iii) the Policy issued by Progressive did not insure a specifically identifiable automobile, generally or that operated by Monasterio, specifically; (iv) that Progressive complied with and satisfied its statutory obligations under either Fla. Stat. § 627.727(1) or (2) to effectuate Rasier's intent to reject UM/UIM Coverage; and, therefore, (vi) the Policy issued by Progressive does not provide UM/UIM Coverage for the claims presented by Monasterio in connection with or arising from her May 6, 2022 incident or her previously filed lawsuit. [DE 12].

3. On September 15, 2023, Monasterio filed her "Answer, Demand for Jury Trial, Affirmative Defenses, Crossclaim and Counterclaim," (the "Counterclaim") in which she denied the material allegations set forth in the Amended Complaint for Declaratory Judgment and asserted a Counterclaim against Progressive. [DE 22]. As reflected in that pleading, Monasterio essentially contended that Progressive, as the insurer, was mandated by Florida's TNC Statute to provide UM/UIM Coverage, that such coverage could not be rejected, and that, therefore, she was entitled to a declaration that, in pertinent part, Progressive was obligated to provide $1 Million in UM/UIM Coverage. [DE 22].

4. Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

5. Progressive has, consistent with, and as required by, Rule 56.1 of the Local Rules for the United States District Court for the Southern District of Florida, contemporaneously filed its "Statement of Material Facts." Progressive adopts and incorporates by reference its Statement of Material Facts in connection with this Motion for Summary Judgment.

6. As reflected in the Statement of Material Facts, there are no genuine disputes concerning any material fact that would preclude entry of judgment as a matter of law.

7. Progressive has, consistent with, and as required by, Rule 7.1 of the Local Rules for the United States District Court for the Southern District of Florida, contemporaneously filed "Progressive's Memorandum in Support of Motion for Summary Judgment." Progressive adopts and incorporates by reference the points, arguments, and authorities set forth in "Progressive's

CASE NO.: 0:23-cv-61354

Memorandum in Support of Motion for Summary Judgment," in connection with this Motion for Summary Judgment.

8. As reflected in "Progressive's Memorandum in Support of Motion for Summary Judgment," there is no genuine issue of material fact and Progressive is entitled to judgment as a matter of law with respect to all claims asserted in its Amended Complaint for Declaratory Judgment, and against Monasterio in connection with all claims asserted in her Counterclaim.

WHEREFORE, Defendant, Progressive Express Insurance Company, respectfully requests that this Court enter an order and appropriate judgment:

(i) Granting this motion;

(ii) Entering final judgment in its favor and against the Defendants, Rasier-DC, LLC, Uber Technologies, Inc., and Karina Monasterio, with respect to all claims asserted in the Amended Complaint for Declaratory Judgment [DE 12];

(iii) Entering judgment in favor of Progressive Express Insurance Company and against Karina Monasterio with respect to all claims asserted in the Counterclaim [DE 22];

(iv) Declare that Florida's TNC statute, did not preclude Progressive from providing a policy that did not provide UM/UIM Coverage;

(v) Declare that the Period 2-3 Policy does not provide UM/UIM coverage to any person or entity, including, but not limited to, Defendants, Rasier-DC, LLC, Uber Technologies, Inc., or Karina Monasterio;

(vi) Declare that the Period 2-3 Policy, specifically, does not provide UM/UIM Coverage for Karina Monasterio, specifically, for the claims asserted in her previously filed lawsuit or otherwise arising from the May 6, 2022 incident;

(vii) Declare that the Period 2-3 Policy did not insure a specifically identifiable automobile or Karina Monasterio's Honda, specifically;

(viii) Declare that Progressive complied with its obligation to make available, as part of the application for the Period 2-3 Policy, UM/UIM coverage, UM/UIM Coverage in the amount equal to the bodily injury limits or $1 Million, to the applicant, Rasier and that the applicant, Rasier-DC, LLC, declined such coverage;

(ix) Alternatively declare that Progressive obtained Rasier-DC rejection of UM/Coverage in writing and as required by Fla. Stat. § 627.727(1); and

(x)  For such other and further relief as this Court deems just and proper to effectuate such declarations and judgments.

Dated: January 25, 2024                    Respectfully submitted,

*/s/ Patrick K. Dahl*
**Patrick K. Dahl, Esquire (084109)**
pdahl@morganakins.com
Florida Bar No. 084109
**MORGAN & AKINS, PLLC**
*Attorneys for Progressive Express Insurance Company*
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (754) 255-3010
Fax: (215) 600-1303

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on January 25, 2024, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

  /s/ Patrick K Dahl
Patrick K. Dahl, Esquire