UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-cv-61354

PROGRESSIVE EXPRESS INSURANCE COMPANY,

    Plaintiff,

vs.

RASIER-DC, LLC, a foreign limited liability company; UBER TECHNOLOGIES, INC., a foreign corporation; and KARINA MONASTERIO, individually,

    Defendants.

_____/

**PLAINTIFF'S AMENDED UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE A CROSS-MOTION FOR SUMMARY JUDGMENT AND TO RESPOND TO PROGRESSIVE'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, by and through her undersigned attorneys, and requests an additional time to file Plaintiff's Cross-Motion for Summary Judgment and to respond to Progressive's Motion for Summary Judgment, and states:

1. This is a case of first impression in Florida. Ms. Monasterio suffered catastrophic injuries in May of 2022 while she was acting as a driver for UBER and RASIER. Although Florida law requires UBER and RASIER to provide uninsured motorists insurance coverage, they claimed to have rejected that coverage and PROGRESSIVE denied indemnification for Plaintiff's claims.

2. Progressive filed this action in on July 17, 2023, Defendant Monasterio Answered and filed her counter claims on September 15, 2023, the pleadings closed on October 20, 2023 when cross-defendants Uber and RASIER filed their answer and affirmative Defenses .

3. On December 18, 2023, the parties mediated this action. Mediation resulted in an impasse.

4. That same day, Plaintiff requested the deposition of Uber's Head of North America Insurance, Amy Wagner.

5. On January 10, 2024, Defendants RASIER and UBER informed Plaintiff for the first time that Ms. Wagner was no longer their employee and that they could not produce her for a deposition.

6. That same day, Plaintiff sent areas of inquiry to UBER and sought a corporate representative in lieu of deposing Ms. Wagner.

7. On Tuesday, January 23, 2024, Plaintiff again requested this deposition.

8. Today, January 25, 2024, UBER and RASIER have informed Plaintff that they object to producing a corporate representative for deposition and will seek a protective Order regarding this discovery.

9. Plaintiff requires this deposition to present her cross-motion for summary judgment, and to oppose Defendant Progressive's Motion for Summary Judgment.

10. Plaintiff believes that this Court will be able to issue complete relief on the parties cross-motions for summary judgment, and that the most efficient use of judicial resources will be in permitting these motions to be fully briefed and heard before the court.

11. No party will suffer prejudice by extending the deadlines to allow this deposition to occur.

12. Plaintiff requests this Court extend the deadline to file Plaintiff's Cross-Motion for Summary Judgment and to respond to Progressive's Motion for Summary Judgment until 15 days after the deposition of UBER's corporate representative occurs.

13. Plaintiff has conferred with counsel for the Defendants who do not agree to the relief sought in this Motion.

## MEMORANDUM OF LAW

Rule 6 (b)(1)(A) permits extending time to perform any act before it expires when a request is made before that time expires and good cause exists to extend that time. This Court has broad discretion to grant motions for extension of time when they are made before the expiration of the period set forth in the Rules. *Kane v. Eli Lilly and Co.*, 2021 WL 2934532 (M.D. Fla. Jan. 4, 2021).

Here, good cause exists because the Plaintiff has attempted to coordinate this deposition for over a month without success. At the 11th hour, UBER has asserted an objection to this deposition. It would prejudice the Plaintiff to opposed PROGRESIVE's motion and to bring her own Motion without UBER's testimony. Plaintiff believes these claims will be ripe for the Court's adjudication once the testimony is presented and briefed in a Cross-Motion for Summary Judgment.

WHEREFORE, Plaintiff KARINA MONASTERIO, respectfully requests this Court enter an Order extending the time to file Plaintiff's Cross-Motion for Summary Judgment and to respond to Progressive's Motion for Summary Judgment until 15 days after the deposition of UBER's corporate representative occurs.

## CERTIFICATION OF COUNSEL

Undersigned counsel certifies that the parties conferred on January 25, 2024 regarding the relief sought in this Motion and were unable to agree.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was filed with the cm/ecf on this 25th day of January, 2024 to: Patrick K. Dahl, Esq. Morgan & Akins.,501 E. Las Olas Blvd., Suite 300 Fort Lauderdale, FL 33301; pdahl@morganakins.com ; Veresa Jones Adams., ROIG LAWYERS., 1255 S. Military Trail, Suite 100, Deerfield Beach, FL 33442; liabilitypleadings@roiglawyers.com ; vadams@roiglawyers.com ; Martha D. Fornaris, Esq. Fornaris Law Firm, P.A. 65 Almeria Avenue, Coral Gables, FL 33134; mfornaris@fornaris.com

                                                    ROBERTS & BASNUEVO, P.A.
                                                    *Attorney for Plaintiff*
                                                    113 Almeria Avenue
                                                    Coral Gables, Fl 33134
                                                    Telephone: 305-442-1700
                                                    Fax: 305-442-2559
                                                    E-Mail: basnuevo@robertspa.com
                                By:  s/: Javier A. Basnuevo
                                                    JAVIER A. BASNUEVO
                                                    Fla. Bar No.: 100509