UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-cv-61354

PROGRESSIVE EXPRESS INSURANCE COMPANY,

    Plaintiff,

vs.

RASIER-DC, LLC, a foreign limited liability company; UBER TECHNOLOGIES, INC., a foreign corporation; and KARINA MONASTERIO, individually,

    Defendants.
_____/

## DEFENDANT'S RESPONSE TO STATEMENT OF FACTS

COMES NOW, Defendant, Karina Monasterio, by and through her undersigned counsel, and submits the following response to statement of facts:

1. Undisputed
2. Undisputed
3. Undisputed
4. Undisputed
5. Undisputed
6. Undisputed
7. Undisputed
8. Undisputed
9. Undisputed

10. Disputed- This statement contains a mixture of facts and conclusions of law. As expressed in Monasterio's Memorandum of Law, when coverage is required by law in the Florida, failure to pay the applicable premium does not preclude an insurance company from providing the legally mandated coverage.

11. Disputed. This paragraph claims that Amy Wagner was "the insured's Head of North America Insurance." However, the named insured in the Policy is Rasier-DC, LLC and Amy Wagner was not employed by Rasier-DC, LLC, but rather by Uber. See Exhibit A, LinkedIn profile of Amy Wagner, page 2.

12. Undisputed

13. Disputed. This paragraph claims that Rasier attempted to reject UM/UIM coverage. However, the rejection form was signed by Amy Wagner who was employed by Uber, and not the named insured, Rasier-DC, LLC. See Exhibit A, LinkedIn profile of Amy Wagner, page 2.

14. Disputed- This paragraph claims that Rasier attempted to reject UM/UIM coverage. However, the rejection form was signed by Amy Wagner who was employed by Uber, and not the named insured, Rasier-DC, LLC. See Exhibit A, LinkedIn profile of Amy Wagner, page 2.

15. Disputed. While the declarations page does in fact claim that UM/UIM insurance was rejected, this rejection was a legal nullity because: (1) Progressive was required to provide this coverage by law and it could not be rejected, and (2) the rejection was not executed by the named insured but rather by an "additional insured." See Exhibit A, LinkedIn profile of Amy Wagner, page 2.

16. Undisputed

17. Disputed.  While the declarations page does in fact claim that UM/UIM insurance coverage is zero, any rejection was a legal nullity because: (1) Progressive was required to provide this coverage by law and it could not be rejected, and (2) the rejection was not executed by the named insured but rather by an "additional insured." See Exhibit A, LinkedIn profile of Amy Wagner, page 2.

18. Undisputed

19. Undisputed

20. Undisputed

21. Undisputed

22. Undisputed

23. Undisputed

24. Undisputed

25. Undisputed

26. Undisputed

27. Undisputed

28. Undisputed

29. Undisputed

30. Undisputed

31. Undisputed

32. Undisputed

33. Undisputed

34. Undisputed

35. Undisputed

36. Undisputed.

37. Undisputed.

### ADDITIONAL FACTS NOT CONTAINED IN PROGRESSIVE'S STATEMENT OF FACTS

38. When enacting Florida Statutes section 627.748 (the "TNC Act")the Florida legislature intended the statute to require Transportation Network Companies to provide uninsured/underinsured motorist coverage for TNC drivers and passengers while they were engaged in a prearranged ride. Specifically the "House of Representatives Final Bill Analysis" explains subsection (7) (c) as requiring: (1) primary automobile liability coverage of at least $1 million; personal injury protection coverage in amounts required of a limousine; and (3) "[u]ninsured and underinsured ("UM/UIM") vehicle coverage." Transportation Network Companies Act of 2017, Fla. H.B. 221, Fla S.B. 340 "House of Representatives Final Bill Analysis," p. 5 (May 11, 2017), attached as Exhibit B. In footnote 17, the Legislative report states "Uninsured and underinsured vehicle coverage **is required by** s. 627.727, F.S." Id. at fn. 17.

39. When enacting the TNC Act, the Florida Legislature intended that personal automobile insurers be permitted to exclude coverage under personal automobile policies for loss or injury that occurs while a TNC driver is logged on or providing a prearranged ride. Id. at p. 7.

40. In their disclosures to TNC drivers, Uber, Rasier, and Progressive failed to truthly advise TNC drivers that they had attempted to reject UM/UIM vehicle coverage for their drivers. Monasterio Dep. p.92:12-16, D.E. 30-3.

41. When Uber, Rasier, and Progressive failed to disclose that UM/UIM coverage had been rejected, Monasterio believed that this coverage was in place. D.E. 30-3, p.99:4-10.

42. Rather than truthfully disclose that Uber and Rasier had attempted to reject UM/UIM coverage on their website, Uber's website states that UM/UIM coverage varies by state—without disclosing that they attempted to remove that coverage completely in Florida. D.E. 30-3, p. 105:10-17.

43. When deciding to act as a TNC driver, Monasterio relied on the statements in Uber's website, that they had all insurance in place required by law. D.E. 30-3, p. 107:3-13.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing was filed with the cm/ecf on this 15th day of February, 2024 to: Patrick K. Dahl, Esq. Morgan & Akins.,501 E. Las Olas Blvd., Suite 300 Fort Lauderdale, FL 33301; pdahl@morganakins.com ; Veresa Jones Adams., ROIG LAWYERS., 1255 S. Military Trail, Suite 100, Deerfield Beach, FL 33442; liabilitypleadings@roiglawyers.com ; vadams@roiglawyers.com ; Martha D. Fornaris, Esq. Fornaris Law Firm, P.A. 65 Almeria Avenue, Coral Gables, FL 33134; mfornaris@fornaris.com

> ROBERTS & BASNUEVO, P.A.
> *Attorney for Plaintiff*
> 113 Almeria Avenue
> Coral Gables, Fl 33134
> Telephone: 305-442-1700
> Fax: 305-442-2559
> E-Mail: basnuevo@robertspa.com
> By:  s/: Javier A. Basnuevo
>    JAVIER A. BASNUEVO
>    Fla. Bar No.: 100509