UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  0:23-cv-61354-kmm

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

           Plaintiff,

vs.

RASIER-DC, LLC A FOREIGN
LIMITED LIABILITY COMPANY;
UBER TECHNOLOGIES, INC., A
FOREIGN CORPORATION; AND
KARINA MONASTERIO,
INDIVIDUALLY,

           Defendants.
_____/

**RASIER-DC, LLC AND UBER TECHNOLOGIES, INC.'S REPLY TO KARINA MONASTERIO'S OPPOSITION TO PROGRESSIVE'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' JOINDER AND ADOPTION OF SAME**

Defendants, Rasier-DC, LLC ("Rasier") and Uber Technologies, Inc. ("Uber") (collectively "Defendants"), by and through its attorneys, Roig Lawyers, in accordance with Rules 7.1 and 56.1 of the Local Rules for the United States District Court for the Southern District of Florida, submits this reply memorandum in further support of their joinder and adoption [DE 31] of Plaintiff/Counter-Defendant Progressive Express Insurance Company's ("Progressive") Motion for Summary Judgment. [DE 30]. Defendants also join and adopt Progressive's Reply to Monasterio's opposition. [DE 41]. In support thereof, Defendants state as follows:

## **ARGUMENT**

Plaintiff/Counter Defendant Progressive originally brought this coverage dispute against Karina Monasterio ("Monasterio"), Rasier and Uber seeking a declaration that Progressive had neither the contractual obligation nor statutory duty to provide UM/UIM coverage ("UM/UIM") under Florida's Transportation Network Company ("TNC") and UM/UIM statutes. Uber agrees. At issue in this litigation is Monasterio's erroneous assertion that she is entitled to $1M in UM/UIM simply because the TNC statute says the words "uninsured and underinsured vehicle coverage" and ignores the fact the legislature expressly granted TNCs the same right to reject UM/UIM or select lower limits as every other Florida policyholder subject to the UM/UIM statute. Although Monasterio presents this as a complicated issue of first impression in Florida, this issue before this court is straightforward: Progressive's policy does not provide UM/UIM coverage because Defendants lawfully rejected UM/UIM coverage, and Florida law neither mandates nor requires such coverage.

      **A.**      **A Louisiana Appellate Court Analyzed Nearly Identical TNC and UM/UIM Statutes to Correctly Find TNCs Could Reject UM/UIM.**

While Monasterio's opposition to summary judgment focuses on the novelty of this issue in Florida, Defendants take this opportunity to alert this court to an analogous ruling from Louisiana that this court may find persuasive.

In *Jean v. James River Insurance Company*, Louisiana's Fourth Circuit Court of Appeal affirmed the lower court's ruling that Transportation Network Companies, such as Uber, were permitted to reject underinsured motorist coverage under nearly identical statutory schemes. 274 So. 3d 43, 2019-0041 (La. App. 4th Cir. May 29, 2019 at *1) writ denied. Louisiana's TNC statute (La. 45:201.6), like Florida's TNC statute (Fl. Stat. § 627.748), requires TNCs to

maintain UM/UIM, **but only what is "required by" the corresponding state UM/UIM statute**. Louisana's UM/UIM statute (La. R.S. 22:1295), like Florida's UM/UIM statute (Fl. St. § 627.727), does *not require* UM/UIM coverage when it is rejected by the named insured.

The *Jean v. James River* court's analysis should be applied here. The *Jean* court rejected the appellant's argument that Uber could not reject UM/UIM coverage under the Louisiana TNC and UM/UIM statutes and expressly held that "La. 45:201.6 read *in para materei* with La. R.S. 22:1295(1)(a)(i)-(ii) permits Uber to waive underinsured motorist coverage." 274 So. 3d 42 at 1. The analysis is the same here. The Florida TNC statute, like the Louisiana TNC statute, when read in conjunction with the referenced UM/UIM statute, permits TNCs to reject UM/UIM like any other policyholder subject to the UM/UIM statute.

The Florida legislature decided it would require $1M in *liability* coverage, and so stated. The Florida legislature decided it would require UM/UIM only *as required* by the UM/UIM statute, and so stated. Louisiana's Fourth Circuit Court of Appeal found no ambiguity, and this court should find the same.

> **B.     The Court Should Not Consider Monasterio's New Allegations of Purported Technical Issues with the Rejection Form As They Are Raised for the First Time in Opposition.**

"At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)...[a] plaintiff may not amend her complaint through argument in a brief opposing summary judgment. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). Nevertheless, as further support of her opposition, Monasterio asserts a purported technical deficiency with the UM/UIM rejection form signed by Uber's Head of North American Insurance (based on "evidence" that she worked for Uber pulled from LinkedIn). However, improper rejection is not at issue or raised in her cross

action. Monasterio's counterclaim purely seeks declaratory relief with respect to the purported statutory obligation to maintain $1M in UM/UIM (despite the statute saying no such thing).

With respect to rejection, Monasterio's counterclaim only alleges that "[the] rejection is not valid because it is expressly contradicted by the plain language of Fla. Stat. 627.748(7)(c)c and 627.748(7)(d)" (i.e., Florida's Transportation Network Statute). (DE 22 at 23.) Nowhere in her counter complaint does she make reference to the signer of the rejection form lacking *authority* to reject UM/UIM coverage on behalf of Uber's wholly-owned subsidiaries. Monasterio makes this representation for the first time in her opposition to Progressive's motion for summary judgment. This court should ignore it. Although there is no merit to Monasterio's allegation, allowing Monasterio to introduce new allegations through an opposition to a summary judgment motion would permit circumvention of the proper method for pleading new facts and claims: amending the complaint. *See generally Lennen v. Marriot Ownership Resorts, Inc.*, 2021 WL 5834264, *16 (Dec. 9, 2021) ("it is well established that parties cannot amend their complaints through briefing and oral advocacy") (internal citations omitted).

      **C.**    **Monasterio Confuses an Unfavorable Result for Monasterio with an "Absurd Result"; the Only Absurd Result Would Be to Second Guess the Will of the Legislature to Regulate an Industry and Rewrite an Insurance Policy.**

Monasterio cannot create statutory ambiguity where there is none, and her invitation to second guess the wisdom of the Florida legislature is unavailing. Not that it is relevant to the unambiguous statutory scheme, but her supposed "absurd result"—a situation where a TNC driver's personal auto policy denies UM/UIM—is a red herring. There are no such public policy concerns because drivers are free to purchase insurance to match their needs. Monasterio conveniently omits whether she had, or could have, purchased insurance for this loss.

Regulating entire industries is no small task, and it is a task this court should leave to the Florida legislature. An unfortunate accident and arguments raised in a motion for summary judgment without legal or factual basis simply cannot substitute the judgment of an elected legislature. The only "absurd result" would be to indulge Monasterio's offer to overturn a clear statute and rewrite a lawful contract between two parties.

### D. Defendants Join, Adopt and Incorporate Progressive's Reply to Monasterio's Opposition.

Finally, Uber and Rasier hereby adopt, join and incorporate as if fully set forth herein, the arguments and legal authority advanced in Progressive's reply to Monasterio's opposition [DE 41].

### **CONCLUSION**

WHEREFORE, Defendants, Uber and Rasier, hereby reply to Monasterio's opposition, and otherwise join in Defendant Progressive's reply, and respectfully request an order: (i) granting Progressive's motion for summary judgment with respect to its declaratory judgment; (ii) dismissing all claims asserted against Uber and Rasier in connection with Monasterio's counterclaim in their entirety and with prejudice; and/or (iii) for whatever other relief this Court deems just and proper.

Dated: Feb. 22, 2024                              Respectfully submitted,

*/s/ Veresa Jones Adams*
VERESA JONES ADAMS, ESQ.
Florida Bar No.0709301
ROIG LAWYERS
1245 S. Military Trail, Suite 100
Deerfield Beach, FL 33442
Telephone: (954) 246-5385

                                                       Facsimile: (954) 462-7798
                                                       vadams@RoigLawyers.com
                                                       *Attorneys for Uber Technologies, Inc. and Raiser-DC, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been furnished electronically on this 22nd day of February 2024, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

                                                      */s/ Veresa Jones Adams*
                                                      VERESA JONES ADAMS, ESQ.

## Service List

Patrick K. Dahl, Esq.
Morgan & Akins
501 E. Las Olas Blvd., Suite 300
Fort Lauderdale, FL 33301
pdahl@morganakins.com
*Attorney for Progressive Express Insurance Company*

Javier Basneuvo, Esq.
Fornaris Law Firm, P.A.
65 Almeria Avenue
Coral Gables, FL 33134
basnuevo@robertspa.com
*Attorney for Karina Monasterio*