# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61354-CV-MIDDLEBROOKS

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

      Plaintiff,

v.

RASIER-DC, LLC, UBER TECHNOLOGIES,
INC., and KARINA MONASTERIO,

      Defendants.
_____/

## ORDER CLOSING CASE

THIS CAUSE is before the Court upon the Parties' responses to my Order Requiring Status Report. On July 26, 2023, Plaintiff Progressive Express Insurance Company ("Progressive") filed its Amended Complaint seeking declaratory judgment. (DE 12). Progressive sought declaratory judgment on four counts, two in the alternative. The first count for a declaratory judgment that Florida Statute §627.748, Florida's Transportation Network Company ("TNC") Statute, by referencing Florida Statute §627.727, Florida's UM/UIM Statute, does not mandate uninsured and underinsured motorist ("UM/UIM") insurance coverage. (*Id.* at 10). The second count for declaratory judgment was that Progressive's specific policy, which was issued to Defendants Rasier-DC, LLC, and Uber Technologies, did not provide UM/UIM coverage to Defendants. (*Id.* at 16).

On September 15, 2023, Defendant/Counterclaimant Karina Monasterio ("Ms. Monasterio") filed her Crossclaim against Uber Technologies, Inc. and Rasier-DC, LLC, and Counterclaim against Progressive Express Insurance Company. (DE 22). Ms. Monasterio brought

one count of declaratory judgment asking that the Court declare that Defendants violated Florida Statute §627.727 "and its subparts." (*Id.* at 11).

The Parties' dispositive motions deadline was January 25, 2024. (DE 14). On January 25, 2024, Ms. Monasterio filed a Motion for Extension of time to file a cross-motion for summary judgment. (DE 32). I found that Ms. Monasterio had not shown diligence to comply with the original deadline and declined to extend the deadline for Ms. Monasterio to file a cross-motion for summary judgment. (DE 37). The Parties extensively briefed Progressive's Motion for Summary Judgment (DE 30, DE 38, DE 41; DE 42). On March 19, 2024, I granted Progressive's Motion (DE 52) and entered Final Judgment in its favor (DE 54).

Given that Ms. Monasterio's Crossclaim and Counterclaim was still technically pending but fully adjudicated by virtue of my summary judgment ruling (DE 52), I asked Ms. Monasterio to file a Status Report with the Court, advising how she intended to proceed on her pending Crossclaim and Counterclaim. On April 1, 2024, Ms. Monasterio filed a Status Report proposing that the Parties be granted 20 days to file dispositive Motions on her claims and address whether Florida's TNC Statute mandates UM/UIM coverage by virtue of the language of subsection (7)(d) of Fla. Stat. §627.748. Ms. Monasterio did not plead the importance of subsection (7)(d) in her Crossclaim and Counterclaim. (DE 22). Further, Ms. Monasterio only briefly addressed the relevance of subsection (7)(d) of the statute in her lengthy Response to Progressive's Motion for Summary Judgment. (DE 38). I therefore analyzed the merits of the subsection and did not find it critical to the underlying questions of coverage, ultimately ruling that "Fla. Stat. §627.748 does not mandate that Progressive Express Insurance Company provide uninsured and underinsured motor vehicle insurance coverage in the Transportation Network Company Commercial Auto Policy, Policy Number 06250110-8." (DE 54). Accordingly, Ms. Monasterio's claim for

declaratory judgment as plead is already fully adjudicated. Ms. Monasterio is not entitled to an additional opportunity to substantively brief the same issues.

Finally, and perhaps most importantly, it is not apparent that any jurisdiction over this matter remains with this Court. On April 19, 2024, Ms. Monasterio filed a Notice of Appeal of my Final Judgment in favor of Progressive. (DE 60). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990) (because of the "the confusion which would result from the simultaneous assertion of jurisdiction by two courts over the same matter … the district court in this case was without jurisdiction to dismiss this case"). My Final Judgment Order included a declaration on the requirements of Fla. Stat. §627.748. (DE 54). I therefore do not have any jurisdiction to further adjudicate the requirements of subsection (7)(d) of that very statute. I also do not have jurisdiction to dismiss Ms. Monasterio's Crossclaim and Counterclaim, which I was inclined to do having found that it is fully adjudicated. Accordingly, I will close the case while Ms. Monasterio's Crossclaim and Counterclaim remains technically pending. Upon any entry of judgment from the Eleventh Circuit, Ms. Monasterio may file a motion to reopen the case and assert any remaining arguments then. Though without a mandate from the Eleventh Circuit otherwise, Ms. Monasterio is forewarned that I believe her claim to be resolved.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1) The Clerk of Court shall **CLOSE THIS CASE**.

2) The Clerk of Court shall **DENY** all pending motions as **MOOT**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 16 day of May, 2024.

Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record